PASSAIC COUNTY COURT OF COMMON PLEAS.

JOSEPH DI MARIA, PETITIONER-APPELLEE, v. CURTISS WRIGHT CORP., RESPONDENT-APPELLANT.

Decided November 23, 1945.

For the petitioner-appellee, *Nathan Rabinowitz* and *Isadore Rabinowitz.*

For the respondent-appellant, *John W. Taylor.*

DELANEY, C. P. J.   This is an appeal from a finding of facts and rule for judgment of the Workmen's Compensation Bureau, allowing an award to petitioner-appellee, hereinafter referred to as petitioner.

Petitioner was employed in sand rolling blades, *i. e.,* smoothing the blade by means of a roller sander operated by compressed air. As the roller sander "turns over," the roller sanding gun, held by the operator, vibrates. The petitioner, who started to work on this machine on June 21st, 1943, claims that by July 2d, 1943, his hands became so stiff that he reported to and was treated by a Dr. Wallace, physician for respondent-appellant, hereinafter referred to as respondent. Petitioner was given treatment at the plant clinic, such as diathermy and massage, to both hands, and continued to work on the sand rolling machine until the middle of September, 1943. After September he was transferred to a different department as stock selector, though the treatments were continued until October. At present his hands are stiff, he has difficulty in opening them at times, and he cannot close them sufficiently to make a fist in the usual way, or does so with difficulty. His condition was diagnosed as traumatic, chronic, progressive, adhesive teno-synovitis of the flexor tendons of both hands, which Dr. Samuel Kleiner, physician for petitioner, estimated as 15% disability.

Dr. Wallace, for respondent, did not testify, but a report of Dr. Liebovitz, estimating petitioner's disability as 10% of total was offered into evidence without objection. The deputy commissioner allowed 15% of total.

The contention of respondent is "that petitioner failed to prove that he suffered an 'injury' by 'accident,' and the evidence establishes that his disability and condition are 'occupational' and thus not compensable."

Taking up this last contention first, we have come to the conclusion that the petitioner's condition is not occupational. The medical testimony was that "there are certain individuals who are susceptible to this constant chronic irritation of those tendons of the hands that produce adhesions in the tendon area, which just happened in this particular case," and that this condition has appeared during this war in war workers who have used those vibrating guns in all airplane manufacturing plants and other places, and that he has had "quite a few."

In *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.*

512, the court defines occupational disease as "one that from common experience is visited upon persons engaged in a particular occupation, in the usual course of events. It is one incidental to the employment itself, *e. g.*, painters become affected with lead colic or lead poisoning; telephone operators develop ear trouble; phosphorus poisoning is common to those who work in the manufacture of fireworks. These examples might be multiplied. In such instances they are injuries or diseases common to workers in those particular trades, and, manifestly, do not arise by accident as the term 'accident' is commonly understood."

Where a person receives an injury because he is "susceptible" to a cause, that injury can hardly be called occupational, which is a condition common to all who engage in the work.

The report of Dr. Liebovitz, offered into evidence with consent of counsel, reads, "It is a *rare* condition and it may be due to repeated trauma in which fibrotic changes are set up, following small pinpoint hemorrhages."

Though this condition has become noticed during this war among workers who use vibrating machines, the operator has to have a susceptibility before the constant vibration causes injury. This cannot be said to be a common experience, where the injury is due to vibration plus an individual and peculiar reaction to it. If the injury were due to vibration alone, it would be an occupational disease. The stiffness resulting in the petitioner's hands became apparent within eleven days, including Sundays, and is a condition which is stationary, according to medical testimony. The court has no statistics as to the number of people so affected in this occupation, and, "No testimony was offered that any other employee was similarly affected," *Davies* v. *Onyx Oil and Resin Co.*, 130 *N. J. L.* 381, and without this evidence, in the light of the medical testimony we can only reach the conclusion that the injury suffered by petitioner is peculiar and individual, and is therefore not occupational.

The respondent also contends that the petitioner did not sustain a compensable accident because no definite or specific time or occasion can be placed, and supports this contention

by citing *Liondale Bleach Works* v. *Riker,* 85 *N. J. L.* 426, and *Smith* v. *International High Speed Co.,* 98 *Id.* 574. We have, however, the later cases of *Davies* v. *Onyx Oil and Resin Co., supra,* where the petitioner suffered three attacks approximately six months apart, caused by the inhaling of noxious fumes over a period of time, in which the court said, "Exposure to the fumes probably predisposed him to the condition which resulted * * *. The contact with or density of the fumes on these occasions when he suffered as described were accidents;" and the case of *Mecca* v. *Phoenix Brass Fittings Corp.,* 124 *Id.* 6.

In the instant case the petitioner testified that "At this particular job I started on June 21st, 1943, and I noticed it [the stiffness] coming on and didn't report it until July 2nd of the same year," and that on a particular day, July 2nd, "I felt it [his hands] get pretty tight and couldn't use it," so that he reported his condition and was given treatments. It is on this date, July 2nd, that petitioner places the date of the accident, and under the ruling of *Davies* v. *Onyx Oil and Resin Co., supra,* we concur.

The finding of the deputy commissioner is affirmed.