## 40141. EMPLOYERS LIABILITY INSURANCE COMPANY et al. v. SHIPMAN.

DECIDED JUNE 26, 1963—REHEARING DENIED JULY 11, 1963.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee,* for plaintiffs in error.

*Cullen M. Ward,* contra.

FELTON, Chief Judge. The appeal from the original award of the board was based, in addition to four of the five grounds provided in *Code* § 114-710, on the ground that "while the member found that the claimant was deaf in the right ear and was thirty-four percent deaf in the left ear, the member found that there was not an accident that caused the deafness, which the claimant contends is contrary to the evidence and law in said claim." The issue raised by that appeal, therefore, was the compensability of the injury and this court held that "a finding that he had suffered a compensable injury was authorized." *Shipman v. Employers Mut. &c. Ins. Co.,* 105 Ga. App. 487 (3) (125 SE2d 72). The attack on the board's second award made in the appeal therefrom raises issues as to the claimant's procedural right of recovery which were not involved in the first appearance of the case before this court.

The practical problem of fixing a specific date for such gradual loss injuries was discussed by the court on the former appeal

insofar as it affected the claimant's right to compensation, and we concluded, at least for this purpose, that "we do not think that it is necessary that the claimant be able to put his finger, as it were, upon the particular occasion when the engine noises left him bereft of his hearing." P. 492. Since only the issue of compensability was there involved, we did not specifically rule on the question of how the exact date of injury should be determined, a question which is relevant to two procedural aspects of recovery: the statute of limitation, *Code* § 114-305, and notice, *Code* § 114-303.

This court cited 1 Larson, Workmen's Compensation Law, § 39.50 (1952), which states that: "The practical problem of fixing a specific date for the accident has been handled in New Jersey by saying simply that the date of accident is the date on which disability manifests itself. Thus, in the Ptak case [Ptak v. General Elec. Co., 13 N. J. Super. 294, 80 A2d 337], the date of a gradually-acquired sacroiliac strain was deemed to be the first moment the pain made it impossible to continue work, and in the Di Maria case [Di Maria v. Curtis Wright Corp., 23 N.J.M. 374, 44 A2d 688], the date of accident for gradual loss of use of the hands was held to be the date on which this development finally prevented claimant from performing his work." *Shipman v. Employer's Mut. &c. Ins. Co.*, supra, p. 492. In the case of *Ideal Mutual Ins. Co. v. Ray*, 92 Ga. App. 273 (88 SE2d 428), the evidence showed that the claimant had been engaged in heavy lifting activity for about 18 months and that he noticed a pain in his leg which grew progressively worse until it required his ultimate hospitalization about a month later. In the meantime he had had the condition diagnosed as a cold in the leg, taken a two week vacation to rest, had a further diagnosis of a ruptured intervertebral disk, and had continued to work until being hospitalized, having told his supervisor of his condition and advised him that he would be unable to do heavy lifting. The court held that, taking all the circumstances into consideration, the evidence authorized, but did not demand, a finding that the injury occurred on the date on which the claimant first noticed the pain. This case differs factually from the case at bar in that the claimant had had no previous occurrence of the symptoms of

his injury before he noticed the pain, whereas in the present case the symptoms of progressive deafness had been manifest as early as 1953, but did not interfere with the claimant's ability to perform his particular job until around March of 1959.

A synthesis of the authorities on this point seems to indicate that the date of a gradually-acquired injury should be set at the first time the injury becomes extensive enough either to prevent the claimant from working or to constitute a disability as itemized in the Workmen's Compensation Act. The establishment of the date is a matter for the fact-finding tribunal, after considering all the circumstances as shown by the evidence, and it follows that the rule must be applied in each case as the circumstances dictate. This court has held that " 'Complete loss of hearing,' as used in *Code Ann.* § 114-406 as amended, means the loss of industrial hearing." *Shipman v. Employers Mut. &c. Ins. Co.*, supra, (4). The law of the case, then, is that the claimant's injury occurred as of the time at which he lost his "industrial hearing." When, in fact, this took place is a matter for the board to decide from the evidence. Since there was evidence which tended to show that the claimant's hearing had deteriorated to the point where he was transferred to a less noisy job on March 9, 1959, at the instructions of the employer's medical department, and that the claimant was first aware of total deafness in his right ear in June of 1959, the board's award commencing as of June 15, 1959, was supported by evidence and will not be reversed. Since the filing of the application with the board on March 4, 1960, was within a year from both of these dates, the evidence demanded a finding of compliance with the one-year statute of limitation.

Regarding the requirement of *Code* § 114-303 of notice of the injury within 30 days after the date of injury, "[t]he required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency v. Harper*, 70 Ga. App. 795 (29 SE2d 434)." *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890, 892 (78 SE2d 257); *Skinner Poultry Co. v. Mapp*, 98 Ga. App. 772, 773 (106 SE2d 825). Since, as we have held above, it is difficult in such grad-

ually-acquired injury cases to ascertain definitely the date of injury until it is decided by the finder of the facts, the question of whether the notice was sufficient and timely must necessarily depend on the particular circumstances of each case. In the present case, there was evidence that the employees of the plant were given medical checkups at fairly regular intervals by the plant medical department; that the claimant's hearing had been tested by the employer since 1953 and that from January through June, 1959, successive tests made by this department disclosed progressive and markedly increasing loss of hearing; that on March 9, 1959, the claimant was placed on a job with a lower noise level at the instruction of the employer's doctor. This evidence demanded the finding that this employer had sufficient notice, as required by *Code* § 114-303, of a compensable injury. The fact that the notice was obtained before the "date of the injury," as later determined by the board, rather than after the claimant suffered a complete loss of hearing in the right ear, does not make it ineffective notice.

The finding by the board, that "either strict notice was not required in this case or that the requirement of notice under the law was met," is sufficient to satisfy the requirement of *Code* § 114-707 of findings of fact. The purpose of this requirement is to enable the losing party intelligently to prepare an appeal and to enable the court intelligently to review it. *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697 (1) (119 SE 39); *Atlanta Transit System v. Harcourt*, 94 Ga. App. 503 (95 SE2d 41). Since the issue of notice was not raised or discussed by this court on the former appeal, it was impossible for the board to know which of the stated alternatives was the law; therefore the statement of both was sufficient, under the circumstances, to provide a basis for appeal for both the losing party and the appellate courts.

Since the issues of the date of injury, notice and the statute of limitation have not been heretofore adjudicated, the court below erred in sustaining the plea of res judicata; however, since the evidence demanded a finding of substantial compliance with the statutory requirements as to notice and the time of filing the claim and since the award was not subject to any of the alleged

errors, the judgment sustaining the plea of res judicata was not reversible error and therefore the court did not err in its judgment dismissing the appeal, though technically it should have been one of affirmance.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*