### 45080. NORTHERN ASSURANCE COMPANY OF AMERICA et al. v. THOMPSON.

PANNELL, Judge. The present case is before this court on ap-
peal from a decision of the superior court remanding the case
to the Board of Workmen's Compensation for additional find-
ings of fact. The question before the board was whether the
claimant in 1967 in the course of his employment suffered an
aggravation of an old injury so as to have an accidental in-
jury within the rule stated in *Aetna Cas. &c. Co. v. Cagle,*
106 Ga. App. 440 (126 SE2d 907), and further delineated in
*Employers Liability Ins. Co. v. Shipman,* 108 Ga. App. 184

(132 SE2d 568) and *Mallory v. American Cas. Co.*, 114 Ga. App. 641, 643 (152 SE2d 592), which show that if the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law and is compensable, and it is not necessary that there be "a specific job-connected incident" which aggravates the previous injury. See also *Noles v. Aragon Mills*, 114 Ga. App. 130 (150 SE2d 305). The testimony of the plaintiff established the prior injury to his back and notice of the injury to the employer in 1966 and that he was forced to discontinue work in the early part of June 1967 because of the prior onset of pain in his leg in May of 1967; and he did not connect the pain in his leg with his prior injury, and testified that he had not injured his leg or back between the time he hurt his back in 1966 and the time his leg started to hurt him in 1967. There was medical testimony which would have authorized a finding that the herniated disc subsequently discovered was the cause of the pain in his leg and was the result of the aggravation of the previous injury caused by claimant's work in his employment. The findings of the deputy director, adopted and approved by the board, were as follows: "I find from the testimony of the claimant that he was working for Savannah Machine and Foundry Company in May of 1966; that he worked all day in the hold of a ship, crawling under pipes, etc. That he did not experience any difficulty during the day, but that after he left work that afternoon, he started to step out of his car and felt a pain in his back. That he was treated for the pain in his back for a few days and returned to work and had no further trouble until May of 1967 when he began having pain in his leg. That he continued to work until June, 1967, when he had to quit because of the pain in his leg. I find from the claimant's testimony that he did not experience any aggravation or any difficulty from the time he first noticed the pain in his back in May of 1966 until he began having pain in his leg in May of 1967; that he had no new injury of any type during that period. I find that the evidence shows that the only injury the claimant has shown occurred in May of 1966. I find that the claim regarding this injury was not filed with the Workmen's Compensation Board until April 17, 1968. I therefore find that this claim is barred by the statute of limitations inasmuch as no claim was filed within 12 months from the date of in-

jury as required by the Workmen's Compensation Act." Compensation was denied.

The judge of the superior court on appeal made the following rulings: "It is the opinion of this court that the findings of fact as made by the deputy director and affirmed by the full board do not support the award. The deputy director made no finding as to whether the claimant's disability in 1967 was or was not an aggravation of the previous injury in 1966 or whether it did or did not arise out of and in the course of the claimant's employment. The deputy director did find that claimant 'had to quit' his employment because of the 'pain in his leg,' and he further found that there was no aggravation of his back injury 'until he began having pain in his leg in May of 1967. . .' . . . He also found, however, that 'The only injury the claimant has shown occurred in May of 1966.' Taken as a whole the deputy director's findings of fact are both confusing and inconclusive on the issues as to whether there was an 'injury' within the definition of that term as developed by the appellate courts of this State and also as to whether the claimant's disability was properly job connected. Mallory v. American Casualty Co., 114 Ga. App. 641 (1966); Aetna Casualty & Surety Co. v. Cagle, 106 Ga. App. 440 (1962); Pacific Employers Insurance Co. v. Ivey, 118 Ga. App. 299 (1968). It is also the opinion of this court that the award is contrary to law because the deputy director proceeded on an erroneous theory of law. If the claimant received a back injury in 1966, whether on or off the job, and after returning to work aggravated this earlier injury on the job so that he finally became disabled in June of 1967, the statute of limitations on his claim for compensation would not have commenced to run until he became disabled in 1967. Pacific Employers Insurance Co. v. Ivey, 118 Ga. App. 299 (1968); Employers Liability Insurance Co. v. Shipman, 108 Ga. App. 184 (1963); Noles v. Aragon Mills, 114 Ga. App. 130 (1966). The finding of the deputy director that the claimant received an injury in 1966 without a finding one way or the other as to whether the disability in 1967 was a job-connected aggravation of the earlier injury makes it impossible to determine whether the statute of limitations has run on the claimant's present claim. The findings of fact in their present condition to do support the conclusion that the claim is barred by the statute of limitations. The deputy

director obviously proceeded on the theory that the statute would commence to run in any event from the 1966 injury. As is indicated above, this is not the law, and some finding of fact must be made as to the nature of the 1967 disability in order to determine when the statute of limitations would have commenced to run in this case. It is therefore ordered and adjudged that the aforesaid award of the State Board of Workmen's Compensation is hereby reversed and the case is remanded to the board for further findings of fact and award in conformity with the rulings set forth herein."

While it is not necessary that we agree with every statement contained in these rulings of the trial judge, we can not say that he erred in reversing the case and remanding it to the Board of Workmen's Compensation for further findings of fact and an award in conformity with the rulings made. See in this connection *Code* § 114-707; *Southeastern Express Co. v. Edmondson*, 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy*, 36 Ga. App. 487 (137 SE 13). *Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED FEBRUARY 3, 1970—DECIDED APRIL 9, 1970.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox,* for appellants.

*Friedman, Haslam & Weiner, Edwin A. Friedman,* for appellee.