### 46126. SAVANNAH MACHINE & FOUNDRY COMPANY et al. v. THOMPSON.

PANNELL, Judge. This is the second appeal of this case from an order of the judge of the superior court remanding the case to the Board of Workmen's Compensation because of insufficient findings of fact. On the first appeal we affirmed the trial judge in his order remanding the case. *Northern Assurance Co. of America v. Thompson,* 121 Ga. App. 666 (175 SE2d 67). The trial judge's order, affirmed on the first appeal, reads in part as follows: "The findings of fact in their present condition [do not] support the conclusion that the claim is barred by the statute of limitations. The deputy director obviously proceeded on the theory that the statute would commence to run in any event from the 1966 injury. As is indicated above, this is not the law, and some finding of fact must be made as to the nature of the 1967 disability in order to determine when the statute of limitations would have commenced to run in this case. It is therefore ordered and adjudged that the aforesaid award of the State Board of Workmen's Compensation is hereby reversed and the case is remanded to the board for further findings of fact and award in conformity with the rulings set forth herein." In affirming the trial judge this court said: "The question before the board was whether the claimant in 1967 in the course of his employment suffered an aggravation of an old injury so as to have an accidental injury within the rule stated in *Aetna*

*Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907), and further delineated in *Employers Liability Ins. Co. v. Shipman,* 108 Ga. App. 184 (132 SE2d 568) and *Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (152 SE2d 592), which show that if the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law and is compensable, and it is not necessary that there be 'a specific job-connected incident' which aggravates the previous injury. See also *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305)." Upon the remand, the Board of Workmen's Compensation entered the following order: "The above matter has been appealed to the Superior Court of Chatham County and to the Court of Appeals of Georgia. The Superior Court of Chatham County remanded the matter to the board for the purpose of determining whether this case, as regards the statute of limitations, falls within the purview of *Pacific Employers Insurance Company v. Ivey,* 118 Ga. App. 299; *Employers [Mut.] Liability Insurance Company v. Shipman,* 108 Ga. App. 184; and *Noles v. Aragon Mills,* 114 Ga. App. 130. The effect of these cases is to extend the statute of limitation for filing a claim from the date of the accident to the date of disability providing the continued employment aggravated a pre-existing accident to the extent that disability resulted.

"The facts in this case are as follows: We find as a matter of fact that the employee in May of 1966 worked all day in the hold of a ship crawling over pipes, etc., in conditions of extreme heat. During the course of this day he had no difficulty, but two or three hours after quitting work when getting out of his car, he had a severe attack of back pain. He received medical attention and was absent from work for three or four days after which he returned to his normal work. In May of 1967, without specific incident, the claimant began to experience severe pain in his right leg. He continued to work until June 1967 when he was forced to terminate his employment because of this disability. In July of 1967 surgery was performed at which time it was determined that he had sustained a herniated disc.

"After a complete and thorough review of all the evidence, the board finds as a matter of fact that there is not sufficient evi-

dence to show such an aggravation as to bring the fact of this case within the purview of the previously cited cases so as to start the statute of limitation to run in June of 1967.

"Award. Wherefore, based on the above and foregoing findings of fact and conclusions of law applicable thereto, the claim of Josie Lee Thompson v. Savannah Machine & Foundry Company, employer, and/or Northern Assurance Company of America, insurer, is hereby denied." It appears (1) that the Board of Workmen's Compensation misinterpreted the purpose of the remand. The purpose of the remand was not to determine "whether this case, as regards the statute of limitations, falls within the purview" of the cases cited which is a determination of legal result; but on the contrary, was remanded for a finding of fact or a determination of the facts, and (2) the board has still failed to make a finding of fact as instructed by this court and the judge of the superior court. That is, whether or not an aggravation of the pre-existing injury occurred in 1967 as a result of the claimant's employment. The board made a finding and called it "a matter of fact" but their finding was a legal conclusion. This was "that there is not sufficient evidence to show such an aggravation as to bring the facts of this case within the purview of the previously cited cases so as to start the statute of limitations to run in June of 1967." The matter to be determined by the board is whether there was or was not an aggravation of a pre-existing injury caused by claimant's employment. After they have determined that fact they of course then must apply the law. The finding that there is not sufficient evidence to show such an aggravation as would have a certain legal result leaves unanswered the question of whether or not there was an aggravation but merely deals with the sufficiency of an aggravation. We therefore affirm the trial judge in his second remand of the case to the Board of Workmen's Compensation for findings of fact on the following questions: "1. Did the claimant become disabled in 1967 while he was working for Savannah Machine & Foundry Company, and did his employment contribute to this disability? 2. Did the claimant's disability in 1967 constitute, to any degree, an aggravation of a pre-existing injury or condition, and if so did his

employment contribute to the aggravation?"

However, the trial judge was in error in further instructing the board for findings on the following questions: "3. Is there evidence in the record to show that the claimant's employment did contribute to his disability in 1967, and if so, what is this evidence? 4. Is there evidence in the record to show that the claimant's employment did not contribute to his disability in 1967, and if so, what is this evidence?" The board, in making findings of fact, does not find whether there is evidence of a fact or no evidence of a fact, but merely finds whether such fact exists or does not exist.

*Judgment affirmed in part; reversed in part. Bell, C. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED APRIL 5, 1971—DECIDED SEPTEMBER 9, 1971.

*Woodruff, Savell, Williams & Cox, John M. Williams, Elmer L. Nash,* for appellants.

*Friedman, Haslam & Weiner, Erwin A. Friedman,* for appellee.