48882. NASH v. TRUST COMPANY OF GEORGIA.

BELL, Chief Judge.

The claimant's theory of recovery of workmen's compensation was that a pre-existing diseased condition, thrombophlebitis, was aggravated by her employment. It is settled that the aggravation of pre-existing infirmity is compensable. *Aetna Casualty &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). The findings of fact were ". . . claimant did not suffer an accident and injury which arose out of and in the course of her employment. There

is no evidence of an accident; that claimant was walking and felt a sting in her leg, and she developed a flare-up of a pre-existing condition." The first sentence of these findings is no finding at all. It is a bare legal conclusion and standing alone would be insufficient. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (b) (119 SE 39). However, it is not improper for the board to give its conclusion in the language of the statute where the stated findings of fact are sufficient to justify the legal conclusion. *American Mut. Liability Ins. Co. v. Hardy,* 36 Ga. App. 487 (137 SE 113). Here the findings of fact that there is "no evidence of accident" and that claimant suffered a flare-up of a pre-existing condition do not justify the legal conclusion for it fails to pass upon the real issue in the case, viz., was the "flare-up" aggravated or caused by her employment. *Travelers Ins. Co. v. Merritt,* 124 Ga. App. 42 (183 SE2d 73). Thus the findings of fact do not support the award denying compensation. The superior court is reversed with direction to remand the case to the board to make findings of fact on the issue ignored.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 7, 1974 — DECIDED APRIL 24, 1974.

*Zachary & Segraves, Robert G. Nardone,* for appellant.

*King & Spalding, William A. Clineburg, Jr.,* for appellee.