## 54318. HOME INDEMNITY COMPANY et al. v. HOWARD.

SHULMAN, Judge.

This appeal follows the judgment of the superior court reversing an award of the State Board of Workmen's

Compensation and remanding the case for further finding of fact as to questions presented by the evidence. We affirm.

Appellee-claimant was an order puller who filed a request for a workmen's compensation hearing. She stated that in late July 1975, while lifting a heavy box from a shelf to a conveyor belt, she sustained an injury which resulted in her stopping work in late November 1975. After the hearing, the administrative law judge denied benefits for the claimed injury of July 1975 because it was found that the claimant failed to satisfy notice requirements. See Code Ann. § 114-303. The award was adopted in its entirety by the board. The award was then reversed and remanded by the superior court on the grounds that, although the claimant complained of an injury in July, the evidence showing recurrence of pain and inability to continue working after November 29 raised an issue as to whether there was a compensable injury as of the last day claimant was able to work.

1. Code Ann. § 114-707 requires that the State Board of Workmen's Compensation make a ". . . statement of the findings of fact and other matters pertinent to the questions at issue. . ."

From the board's findings of fact it appears that benefits were denied for the alleged injury of July 24 because notice was lacking. The board made no findings as to whether notice requirements had been satisfied or whether a compensable injury had occurred on November 29, 1975. Appellee's claim indicated that she stopped working in November because of an injury and raised an issue as to whether a compensable injury existed as of November 29. See, e.g., *Home Indem. Co. v. Brown,* 141 Ga. App. 563 (2) (234 SE2d 97).

2. Although findings of fact are deemed to include all issues necessarily determined (see *Dudley v. Sears Roebuck & Co.,* 115 Ga. App. 411 (154 SE2d 699)), the finding that claimant failed to show a compensable accident on July 24 because notice was lacking did not include by implication a finding that claimant did not show a compensable accident on November 29, with proper notice. See *Noles v. Aragon Mills,* 110 Ga. App. 374 (138 SE2d 598); *Northern Assur. Co. v. Thompson,* 121 Ga.

App. 666 (175 SE2d 67).

3. The judgment of the superior court was proper in reversing the award and remanding the case to the State Board of Workmen's Compensation to make findings of fact on the issue not addressed. *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179); *Nash v. Trust Co. of Ga.,* 131 Ga. App. 684 (206 SE2d 566).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED SEPTEMBER 28, 1977.

*Swift, Currie, McGhee & Hiers, Richard S. Howell, John F. Sacha,* for appellants.

*George & George, William V. George,* for appellee.