## 58129. LIBERTY MUTUAL INSURANCE COMPANY et al. v. WALTHALL.

UNDERWOOD, Judge.

In this workers' compensation proceeding the board apparently felt that the claim would be determined by a resolution of the contested factual issue as to whether claimant, after his injury, had been directed to perform work such as raking up trash, which he contended he could not do, or whether he had been offered the job of picking up bottles and trash from the ground, which the board assumed was "light work" he could perform.

Thus the award denying compensation stated: "I find . . . that following [claimant's] injury . . . he reported to work and asked to be carried to a doctor and the evidence shows that he was examined by Dr. Jeffrey Lee and that Dr. Lee pronounced him able to return to light work. I find that the claimant did return to [work] and was furnished light work, that of picking up bottles and trash around the building which he refused to do. I find that after the claimant refused to do the light work that was offered him . . . he was later fired because of an argument with his supervisor. I therefore find . . . that [claimant] was furnished light work that was suitable for his impaired condition following his injury . . . and if he had elected to do this light work that he would not have lost any time

from work as a result of the injury."

The superior court reversed and remanded for further proceedings, ruling that the ultimate issue was whether the work found by the board to have been offered— that of picking up bottles and trash — was suited to his impaired condition; that the award only assumed that such work constituted suitable "light work" he would have been able to perform after his injury; that there was not sufficient competent evidence to support that conclusion; and that "the record, as it presently stands, is incomplete as to this essential issue."

We concur with the superior court's analysis, and consequently remand was proper. Code Ann. § 114-710; *Hall v. West Point Pepperell,* 133 Ga. App. 24 (209 SE2d 659) (1974); *American Mut. Liab. Ins. Co. v. Williams,* 133 Ga. App. 257 (211 SE2d 193) (1974); *Belanger v. General Accident Group,* 149 Ga. App. 491 (254 SE2d 912) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 18, 1979.

*George L. Pope, Jr.,* for appellants.
*Robert Dana Brooks,* for appellee.