58986. HOME INDEMNITY COMPANY et al. v. HOWARD.

SHULMAN, Judge.

On the first appeal of this workers' compensation case (*Home Indem. Co. v. Howard,* 143 Ga. App. 327 (238 SE2d 288)), this court affirmed the superior court's judgment remanding the case to the State Board of Workers' Compensation for further findings of fact on the issue of whether or not claimant suffered a compensable injury.

On remand, the board found in favor of claimant and that finding was affirmed by the superior court. It is from the superior court's judgment that the employer and its insurance carrier bring this appeal. We affirm.

1. A. Appellants contend that the board's award was inconsistent with the judgment of this court in 143 Ga. App. 327. We disagree.

Contrary to appellants' assertions, this court did not hold that no incident of injury occurred on July 24, 1975. Rather, this court held that the evidence raised an issue "as to whether a compensable injury existed as of November 29" (id., Division 1) and that the board's findings were not dispositive of this issue. Cf. *Liberty Mut.*

*Ins. Co. v. Walthall,* 151 Ga. App. 372 (259 SE2d 647), for another situation where the board's failure to address an ultimate issue required the reversal of the award and the remanding of the case for further consideration.

B. We find no merit in appellants' contentions of reversible error in regard to the alleged inconsistency of the board's prior findings of fact with its findings of fact upon remand.

We find no such inconsistency in regard to the occurrence of a specific incident of injury. A specific finding in regard to such an incident was not necessary to the board's original award; and, indeed, the board did not state in its findings of fact that such an incident either did or did not occur. In both findings of fact, the board recognized claimant's assertions of an incident of injury (although clearly upon remand the board more definitively stated its finding in this regard.)

2. Even if the board's finding of a specific incident of injury was not inconsistent with prior findings of fact, appellants contend that the evidence, nevertheless, did not support the finding of such an incident. We can not agree.

Claimant presented evidence that she suffered injury as a result of a specific job-related incident on July 24, 1975, which, she alleged, aggravated a pre-existing condition that had resulted from a prior accident. Claimant also presented evidence to the effect that the second accident could have at least partially precipitated the claimant's present disability. See *Central State Hosp. v. James,* 147 Ga. App. 308 (248 SE2d 678). Under the circumstances, then, "the second accident which aggravated the pre-existing condition is a new injury" (id., Division 1b) and, as such, was compensable with proper notice.

Since the board's award was authorized by the evidence and prescribed by law, the superior court properly entered judgment in accordance therewith.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted November 6, 1979 — Decided January 21, 1980 — Rehearing denied February 7, 1980.

*Richard S. Howell,* for appellants.
*William V. George, Lavinia B. George,* for appellee.