## 59551. PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY et al. v. WALKER.

MCMURRAY, Presiding Judge.

This is a workers' compensation case in which this court granted a discretionary appeal. The parties thereto stipulated employment, venue, jurisdiction, and coverage by the insurer. Claimant allegedly sustained an accidental injury to her back while employed as a maid and in moving a roll-away bed from one floor to another at a motor lodge. This alleged injury occurred in May, 1978, with continuing episodes of aggravation until July, 1978. The administrative law judge who heard the issue contended the evidence was conflicting as to the issues of notice and accident. He states that the claimant's own testimony is fraught with inconsistencies, she having a history of mental disease. In his findings of fact he states the claimant was unable to specify the date of the injury other than it was a Monday night in either April or May of 1978; that it was ordinarily the duty of a maintenance man to move the roll-away beds but he was absent on this particular Monday night. The findings also state that the attendance record of this claimant shows that she was absent from work on three of the Mondays during this two month period and that the maintenance worker was not absent on any Monday night in either April or May, 1978. The findings also state that the claimant was also inconsistent on the question of notice, stating at one time she told the manager of her injury on the following day and at another time that she made no report until after she had been admitted to the hospital by her doctor on July 18, 1978. But the findings of the administrative law judge show there was notice as to her hospitalization "on July 18, 1978," resulting from an injury to her back. The findings also disclose that she worked without any significant loss of time until "July 16, 1978." She sought emergency medical treatment in June, 1978. On July 10, 1978, she was first seen by a doctor and thereafter admitted to the hospital on July 18, 1978, until her discharge on July 27, 1978, having a "possible herniated disc of the cervical spine." She attempted to return to work on August 20, 1978, but because of her back pain was forced to cease work again on August 21, 1978, and has not since returned to work.

Based upon the above findings of fact the administrative law

judge determined that "claimant has failed to carry the burden of proving that her injury arose out of or in the course of her employment or that she gave timely notice of the alleged accident . . ."

The claim was denied and on a review by the full board it was affirmed. However, on appeal to the superior court it was held that the findings and conclusions "do not specify that the claimant did not show a compensable accident occurring in July, 1978 for which she was hospitalized." Further, "it is not clear whether the Administrative Law Judge and subsequently the full Board meant that there was no proven compensable accident in May, 1978, or that there was no proven compensable accident in July, 1978." The court then held that under the decision of *Home Indemnity Co. v. Howard,* 143 Ga. App. 327, 329 (238 SE2d 288), the board must make a finding of fact which addresses itself to the issue of each alleged accident. The case was therefore reversed and remanded "with direction that it [the board] make findings of fact both as to the alleged accident in May 1978 and the alleged accident in July 1978 and make its award based on such findings." The employer/insurer appeals. *Held:*

Under the new injury theory there clearly was notice as admitted and found by the administrative law judge as to the reporting of the injury when the employee was no longer able to work in July, 1978. The administrative law judge did conclude that her injury did not arise out of and in the course of her employment, but he failed to set forth findings of fact on which to base his conclusions. Instead, it may be inferred that he was referring to the alleged first injury to her back in May, 1978 and not to a subsequent injury. He does discuss the original injury to her back and the significant times that her back was hurting and the time she was compelled to seek medical treatment until she was forced to stop work in July, 1978. Under a "new accident" or "new injury" theory when this employee was forced to cease her employment, there was ample notice to employer, to "both Della Gay, the housekeeper," and "Robert B. Strickland, the manager." See in this connection as to "new accident" or "new injury" such cases as *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592); *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *Central State Hospital v. James,* 147 Ga. App. 308, 309 (248 SE2d 678). It thus appears that it logically could be said that the finding of the administrative law judge (concurred in by the board) was that the claimant failed to show a compensable accident in May, 1978, because notice was lacking. This did not include by implication a finding that the claimant did not show a compensable accident on July 18, 1978,

when she was forced to stop work where there was proper notice of her condition. See *Home Indemnity Co. v. Howard,* 143 Ga. App. 327, 328 (2), supra, wherein the cases of *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598) and *Northern Assurance Co. v. Thompson,* 121 Ga. App. 666, 668-669 (175 SE2d 67) are cited in support thereof. *Home Indemnity Co. v. Howard,* 143 Ga. App. 327, 329 (3), supra, then holds that the judgment of the superior court was proper in reversing the award and remanding the case to the board of workers' compensation "to make findings of fact on the issue not addressed," citing *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179) and *Nash v. Trust Co. of Ga.,* 131 Ga. App. 684 (206 SE2d 566) as these cases are similar. The superior court did not err in remanding this case to the board based upon the cited cases.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MARCH 11, 1980 — DECIDED APRIL 11, 1980.

*Richard A. Brown, Jr.,* for appellants.
*Edward E. Boshears,* for appellee.