## 62514. MASON, INC. et al. v. GREGORY.

Carley, Judge.

A discretionary appeal was granted in the instant case in order that we might answer a single issue of importance in the field of workers' compensation law. The relevant facts as found by the administrative law judge (ALJ) are as follows: On January 16, 1980, appellee-employee suffered an injury to his back while engaged in the performance of his duties for appellant-employer. Appellee notified his supervisor of the occurrence of this accident on the same day. From January 16, 1980 to February 27, 1980, appellee continued to work, during which period his back condition worsened until he could no longer perform the duties assigned to him. On February 27, 1980, appellee was dismissed from his employment with appellant. The ALJ did not make a specific finding that appellee had notified appellant that his inability to work on February 27, 1980, was as a

result of a "new" employment-related injury. The ALJ did however find that appellee "was totally disabled for work on February 28, 1980 forward." Accordingly, appellee was awarded benefits of "$82.66 per week commencing on February 28, 1980" and "medical expenses reasonably required to effect a cure or give relief from claimant's injury of January 16, 1980."

The full Board affirmed this award. Appellant appealed to the superior court, contending that appellee was required to give a second notice of his "accident" of February 28, 1980, this to the effect that the injury of January 16, 1980, was disabling, and that the ALJ had not made a finding that appellee had complied with the requirements of Code Ann. § 114-303. The superior court did not agree with appellant's interpretation of Code Ann. § 114-303, affirming the award in an order reciting that it had "found no authority requiring the employee to give more than one notice of injury under the facts of the present case." Appellant's petition for an appeal from this order was granted so that we might resolve the "notice" issue.

1. "Every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, a notice of the accident . . . No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident . . .." Code Ann. § 114-303. " 'The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. [Cit.]' " *Schwartz v. Greenbaum,* 236 Ga. 476, 477 (224 SE2d 38) (1976). "The right to compensation [for an injury by accident] shall be barred unless a claim therefor is filed within one year after injury . . .." Code Ann. § 114-305 (a). Thus, under our workers' compensation statute for his injury to be compensable an employee must first give his employer notice of his accident under Code Ann. § 114-303 and then file his claim for compensation for an injury resulting therefrom within a year under Code Ann. § 114-305. The concept of "new accident" as that term is relevant in the instant appeal refers to Code Ann. § 114-305, the statute of limitations, and to the situation where a claim for compensation for an injury is not filed within one year from the date of the *concurrence* of the legal requirements of an *original accident* to the employee and *notice* thereof to the employer and where the subsequent disability has allegedly resulted from the aggravation of the injury received in the original accident attributable to the employee's continuing to work. See *Blackwell v.*

*Liberty Mutual Ins. Co.,* 230 Ga. 174 (196 SE2d 129) (1975); *Pennsylvania Nat. Mut. Ins. Co. v. Walker,* 154 Ga. App. 336 (268 SE2d 391) (1980); *Lott v. Swift & Co.,* 157 Ga. App. 152 (276 SE2d 664) (1981). Thus, as distinguished from a subsequent and separately compensable accident (*Certain v. U. S. Fid. & Guar. Co.,* 153 Ga. App. 571 (266 SE2d 263) (1980)), "new accident" has developed a technical and precise meaning in workers' compensation law and, as such, is a relevant issue in only those cases where some question exists as to whether an employee has timely sought an award of compensation for an injury arising out of an "accident" of which his employer was notified. See *Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978); *Pennsylvania Nat. Mut. Ins. Co.,* 154 Ga. App. 336, supra. "[W]here the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury [,o]ur courts have held that the one-year statute of limitations begins to run from the date the claimant was forced to cease his employment. They base this holding on the theory that the date of the 'new accident' is the date that the disability manifests itself. [Cits.]" *Central State Hospital v. James,* 147 Ga. App. 308, 309, supra. "A question in those cases [where, if the claim were based upon the occurrence of the *original* accident, it would not have been timely brought] is on what date the gradual injury became an 'accident' for which notice is required and the time period for filing begins to run. Where the evidence authorizes it, the date of the accident has been found to be the date the employee is required to cease work. Nevertheless, even if the date of injury were found to be the date of cessation of work, . . . , the employee is required to give notice . . ." *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657, 658-659 (212 SE2d 13) (1975) (holding with regard to what constitutes sufficient "notice" termed "questionable" in *Mayor of Savannah v. George,* 145 Ga. App. 57, 58 (2) (243 SE2d 259) (1978)).

In this regard, it is obvious that if the employer is given notice of the employee's original accident and the employee's condition gradually worsens to the point of disability and a claim is filed for this subsequently occurring disability within one year of the *original accident* itself, the requirements of both Code Ann. §§ 114-303 and 114-305 are met. The employer had notice of the original accident upon which the claim for an injury arising therefrom is ultimately premised and the claim premised upon that original accident has been brought by the employee within one year from the date thereof. To hold that an employee who gives his employer notice of his original accident but who continues to work to the point that the

injury he received in the original accident results in a disability and who then files a disability claim within one year of the date of the original accident itself will be denied compensation unless he gives his employer a second notice that the original injury has become disabling would penalize "a claimant who attempted to continue working even though he was injured to some extent." *Central State Hospital,* 147 Ga. App. at 309, supra. The notice requirement of Code Ann. § 114-303 does not compel the employee to notify the employer that he is claiming compensation, only that he put the employer on notice of the *accident* which ultimately serves as the basis for his claim. *Schwartz,* 236 Ga. 475, supra; *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 780 (227 SE2d 405) (1976). All that is required thereafter is that the employee file a claim for compensation within one year of the accident of which he notified his employer. If he does not, then and only then does the issue of whether he has suffered a "new accident" and given notice thereof to his employer arise.

Applying the foregoing principles in the instant case, it is readily seen that appellee's claim does not come within the "new accident" concept, his original accident and his notice thereof to appellant having occurred on January 16, 1980 and his claim for compensation for a disabling injury resulting therefrom having been timely filed on March 10, 1980. Thus no issue was presented concerning whether appellee's subsequent disability was a compensable "new accident" under Code Ann. § 114-305 and the ALJ appropriately made no finding in this regard. Compare *Mayor of Savannah v. George,* 145 Ga. App. at 58 (3), supra. The superior court was correct in affirming the award on the basis that no second notice was required under the circumstances that existed in the instant case. If there had been no notice to the employer of the accident occurring on January 16, 1980, an issue would then have been presented concerning appellee's notification of his subsequently resulting disability. See, e.g., *Home Indemnity Co. v. Howard,* 143 Ga. App. 327 (238 SE2d 288) (1977); *Pennsylvania Nat. Mut. Ins. Co. v. Walker,* 154 Ga. App. 336, supra.

2. Since the instant discretionary appeal is before this Court solely because we entered an order permitting its filing, appellee's motion to assess damages for a frivolous appeal is denied.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982 —
REHEARING DENIED FEBRUARY 2, 1982 — ▬▬▬▬

*Charles W. Barrow, R. Stephen Sims,* for appellants.

*Floyd Mincey,* for appellee.