### 42171. MALLORY v. AMERICAN CASUALTY COMPANY et al.

ARGUED JULY 8, 1966—DECIDED NOVEMBER 18, 1966— REHEARING DENIED NOVEMBER 18, 1966—

*Harrison, Martin & Childs, John S. Harrison,* for appellant. *Smith, Ringel, Martin & Lowe, Williston C. White,* for appellees.

BELL, Presiding Judge. 1. The superior court, to which this case was appealed under the provisions of *Code* § 114-710, had jurisdiction. See *Fidelity & Cas. Co. of N. Y. v. Whitehead,* 114 Ga. App. 630.

2. The filing of a claim for workmen's compensation within the time required by *Code* § 114-305 is jurisdictional, and where the claim is not filed in compliance with this section, the claim is barred unless it be shown that some fraud was practiced upon the employee that prevented his filing within the statutory time. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305, 306 (1) (121 SE2d 689).

In order to relieve the bar of the statute, the fraud must be such as debars or deters the employee from bringing his claim; if he fails to file on account of "a mere uncertain and indefinite understanding, based on no consideration," this would not amount to such fraud as would relieve the bar of the statute. *U. S. Cas. Co. v. Owens,* 109 Ga. App. 834, 836 (137 SE2d 543). The employer's verbal assurances to the employee that papers relating to the employee's right to compensation would be processed for payment as soon as the employer received a doctor's report and that the employee would get some money later on, were not sufficient to constitute the requisite fraud. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305, supra; *Fidelity & Cas. Co. v. Bishop,* 108 Ga. App. 422, 423 (133 SE2d 51) ; *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417, 419 (1) (138 SE2d 687).

3. Claimant contends that the board erred in making its findings of fact since it made no finding of fact as to whether

the employer's alleged fraud relieved the bar of the statute as to the original injury. However, the finding that the claim was barred by the statute was tantamount to a finding that the requisite fraud was not proved. See *Anderson v. Houston Fire &c. Ins. Co.,* 104 Ga. App. 680, 681 (122 SE2d 589) ; *Crews v. General Motors Corp.,* 107 Ga. App. 592, 594 (2) (130 SE2d 925).

4. In *Aetna Casualty &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907), this court held: "where the deputy director finds that claimant injured his back on the job in July, 1958, .and subsequently aggravated the injury until a final aggravation attributable to a specific job-connected incident in July, 1959, after which he was unable to continue work, his claim filed in December, 1959, is not barred by the one-year limitation in *Code* § 114-305." See also *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305). In the instant case there was no evidence of a specific job-connected incident causing the gradual worsening of claimant's condition. But in order to invoke the ruling in *Cagle,* it is not necessary that there be "a specific job-connected incident" which aggravates the previous injury. What is required is that there be an "accident" which aggravates the pre-existing injury. *Code Ann.* § 114-102. "If the employment . . . contributes to the injury it is an accident under our compensation law and is compensable. . ." *Callaway Mills Co. v. Yates,* 106 Ga. App. 9, 10 (126 SE2d 305) and citations. Under the broad definition of the term "accident" as used in our workmen's compensation law, if the employee continued to perform the duties of the employment and thereby aggravated the initial injury, this would amount to a new "injury by accident." The evidence here was sufficient to authorize a finding that the gradual worsening of claimant's condition was at least partly attributable to his physical activity in continuing to work after the original injury. Under these circumstances, the statute of limitation would run from the date the employee was forced to cease work. *Noles v. Aragon Mills,* 114 Ga. App. 130, supra.

In its award the board stated that there was no evidence of any accident after June, 1963, "Where it affirmatively appears

that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mut. Ins. Co.*, 105 Ga. App. 186 (123 SE2d 905). . . The award, stating as its basis that there was no such evidence, shows that it is based on an erroneous legal theory." *Miller v. Travelers Ins. Co.*, 111 Ga. App. 245, 248 (141 SE2d 223); *Waters v. National Biscuit Co.*, 113 Ga. App. 170, 174 (147 SE2d 676); *General Motors Corporation v. Hargis*, 114 Ga. App. 143, 144 (150 SE2d 303).

*Judgment reversed with direction that the case be remanded to the State Board of Workmen's Compensation for further findings of fact. Jordan and Eberhardt, JJ., concur.*