### 45385. NATIONAL UNION FIRE INSURANCE COMPANY et al. v. JOHNSTON.

JORDAN, Presiding Judge. 1. It is well settled that a review under *Code* § 114-708, as amended, by the State Board of Workmen's Compensation of the award of a single director is a de novo investigation. Upon review the full board may remand the case to a single director for the taking of additional evidence. By a rule of long standing, now Rule 22, the board purports to limit its own powers in hearing new evidence to the standards for newly discovered evidence as a basis for a new trial in the courts of this State. Generally this court, in reviewing the action of the board, the usual case being a refusal to hear additional evidence, has limited itself to a consideration of whether there was a manifest abuse of discretion. In an early case of this nature the court suggested that no case would be reversed for granting an application to retake testimony, including newly discovered evidence. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697, 705 (119 SE 39). Later, upon holding there was no abuse of discretion in hearing additional testimony, the court expressed the view that the rule (then Rule 26) could be enforced or relaxed without interference by the courts. *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 491 (137 SE 113). For later cases in which this court reviewed the discretion, and found no abuse, in either allowing or refusing additional evidence, see *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677 (4) (112 SE2d 273); *Adams v. Utica Mut. Ins. Co.,* 88 Ga. App. 386, 390 (76 SE2d 709); *Peters v. Liberty Mut. Ins. Co.,* 113 Ga. App. 41 (147 SE2d 26); *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344 (163 SE2d 923); *Cameron v. American Can Co.,* 120 Ga. App. 236 (170 SE2d 267).

In the present case the claimant, who did not employ counsel until after the date of the first hearing, failed to testify for the record or otherwise establish at this hearing that he had made a timely report of an accident to his employer, and the hearing director, after holding the record open for additional evidence, denied an award for this reason. It was thereafter made to

appear to the full board that evidence could be adduced to authorize a finding that he had made a timely report. Under these circumstances the full board did not abuse its discretion in remanding the case for the taking of additional evidence.

2. The evidence considered by the full board supports the award of compensation and the judge of the superior court did not err in affirming the award in this respect.

3. In determining when the statute of limitation began to run, the board fixed the date as the date on which the disability commenced, referring to an unnamed recent Court of Appeals decision fixing the date for the statute of limitation as the date when disability begins where an accident has occurred and continued work aggravates the condition. For this theory, and the development thereof in case law, see *Callaway Mills Co. v. Yates,* 106 Ga. App. 9 (126 SE2d 305); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305); *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592); *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435); *Northern Assurance Co. v. Thompson,* 121 Ga. App. 666 (175 SE2d 67); *Aetna Cas. &c. Co. v. Davidson,* 121 Ga. App. 669 (175 SE2d 91).

From the foregoing it is now settled that the aggravation by continued work of a previous injury is a "new accident." We think it logically follows that the claimant is entitled to compensation based on the law in effect at the time of the "new accident." Accordingly, the board having determined that the accident on August 24, 1967, and continued work thereafter produced a disability which commenced on June 24, 1968, this is the date of the "new accident" and the judge of the superior court properly sustained the cross appeal of the claimant and amended the award of the board to provide for compensation under the provisions of *Code* § 114-404, as amended (Ga. L. 1968, pp. 3, 4, approved February 9, 1968).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JUNE 2, 1970—DECIDED JULY 14, 1970—

REHEARING DENIED JULY 29, 1970—

*Swift, Currie, McGhee & Hiers, Charles L. Drew, Robert L. Cowles,* for appellants.

*George B. Rushing,* for appellee.