### 47067. BLACKWELL v. LIBERTY MUTUAL INSURANCE COMPANY et al.

STOLZ, Judge. This is an appeal from the superior court's judgment reversing the award of the deputy director of the State Board of Workmen's Compensation, who found that the claimant's continued employment since his original injury arising out of and in the course of the employment in 1965, aggravated his condition, so that his claim

filed in 1971 was not barred by the one-year limitation in *Code* § 114-305.

The award was based on the theory set forth in *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125) and cit. The only evidence adduced at the hearing on this point was that, except for one week after the claimant's original knee injury, he worked up until approximately a month before the hearing, although his leg swelled up periodically and he consulted three doctors during this time.

While the award was based on the theory set forth in *National Union Fire Ins. Co. v. Johnston,* supra, and citations, it differs materially from such cases. In those cases the records disclose facts upon which aggravation may be found, either in the form of job description, nature of employment, direct evidence from the claimant, his medical witnesses, or a specific job-connected incident. These holdings are correct. However, in the instant case there simply is *no* evidence which brings this case within these holdings.

The claimant's testimony showed that he was "steam cleaning" when the original injury occurred. The record is silent as to what this entails in the way of physical activity. The claimant concluded his testimony by stating that when he terminated his employment he "was doing anything they'd tell me to do." It is silent as to the nature of the claimant's employment in between such times. The claimant affirmatively stated that he did not have another accident in between the first one (1965) and the time of his surgery (1971) and that his knee "just kept on hurting." No medical evidence was offered. The claimant did not testify or offer any testimony that his continued work after the original injury had any effect on the injured knee.

Under the circumstances, the case does not fall under the rules stated in *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332, supra. The Superior Court of Fulton County was correct in holding the claim to be barred by the statute of limitation.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., and Clark, J., concur. Pannell, Deen, Quillian and Evans, JJ., dissent.*

Submitted April 3, 1972—Decided September 6, 1972—
Rehearing denied September 27, 1972—

*William L. Skinner,* for appellant.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III,* for appellees.

Evans, Judge, dissenting. In this workmen's compensation case the deputy director found that claimant suffered an injury in 1965, "continued to work until 1971, and his continued employment aggravated his condition, thus the statute of limitations did not run against him."

The employer contended the statute of limitation barred the claim, and the judge of superior court of Fulton County sustained this contention and reversed the deputy director.

The question here is whether the claim was barred by the statute.

In *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592) this court held: "Where claimant after injuring his back at work continued to work until he was forced to cease work because of aggravation of the original injury, *the statute of limitation runs from the date the employee was forced to cease work* if the aggravation of the original injury was attributable to the continued employment." (Emphasis supplied.)

In *Aetna Cas. & Surety Co. v. Cagle,* 106 Ga. App. 440 (1) (126 SE2d 907) this court held exactly as in the *Mallory* case, supra.

In *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 333 (3) (177 SE2d 125) this court held: "From the foregoing it is now settled that the aggravation by continued work of a previous injury is a 'new accident.' We think it logically follows that the claimant is entitled to compensation based on the law in effect at the time of the 'new accident.' Accordingly, the board having determined that the accident on

August 24, 1967, and continued work thereafter produced a disability which commenced on June 24, 1968, this is the date of the 'new accident' and the judge of the superior court properly sustained the cross appeal of the claimant and amended the award of the board to provide for compensation under the provisions of *Code* § 114-404, as amended (Ga. L. 1968, pp. 3, 4, approved February 9, 1968)."

The testimony of Stanley Blackwell, claimant (T. pp. 11-17) shows that he suffered an injury growing out of his employment in 1965, when he fell and struck his knee on a dip vat; that the injury continued to bother him and caused him to suffer pain, as he continued working for his employer; that he discussed it with Mr. Hugh Trammell, his immediate supervisor in 1968; that he went to see a doctor on Edgewood, but it kept hurting; that it still hurt worse when he left than when he went to see the doctor; thereafter he went to see Dr. Leonard for about a year, but it seemed he was not doing him any good; then he went to see a bone specialist, but he kept on hurting; then in 1971 he went out to Emory, and saw Dr. Rutledge who helped claimant; he was given a check-up and Dr. Rutledge put him right in the hospital and operated on him; that his knee hurt him from the time of the injury until he went to see Dr. Rutledge and was operated on.

The record shows he requested a hearing by the State Board of Workmen's Compensation on April 8, 1971.

Under the authorities previously cited, and when the testimony of the claimant as set forth above is considered, it is quite clear that the claim was not barred by the statute of limitation if there was sufficient evidence in the record for the deputy director to find that his continued working aggravated his condition, so as to make it necessary that he stop work and have an operation. As was held in the *Mallory* case, supra, "the statute of limitation runs from the date the employee was forced to cease work."

The testimony of the claimant shows that his pain from the earlier injury to his knee grew worse and worse, as he continued to work, and finally he was forced to "cease

work" and have an operation. It appears from his testimony that his latest physician, Doctor Rutledge, is the only one who gave him relief, and that was by an operation. Under these circumstances I do not believe there can be any question but that the deputy director was authorized to find that this was an aggravation of the original injury which required claimant to cease work.

The superior courts of this state are required to sustain the award entered by the State Board of Workmen's Compensation if there is *any evidence* to support the award, and in the absence of fraud, it is conclusive on the reviewing court. See *Code* § 114-710; *Dill v. Ocean Acc. &c. Co.,* 95 Ga. App. 60 (96 SE2d 638).

In order for the courts to sustain a finding by the Workmen's Compensation Board, it is not necessary that the evidence in support thereof be clear in every detail. See *Fireman's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343), which holds that even though evidence may be conflicting and not altogether complete and satisfactory, it will nevertheless be sufficient to sustain an award by the State Board of Workmen's Compensation.

And, as was said in *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13): "Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts," and at page 8: ". . . it is not necessary that the evidence should shine upon it with a clear light. It is enough *if glimpses of it* be afforded by the evidence . . ." (Emphasis supplied.)

I, therefore, find that the claim was not barred by the statute of limitation, and vote to reverse the trial judge in so holding, and dissent from the majority opinion which holds to the contrary.

I am authorized to state that Judges Pannell, Deen and Quillian join in this dissent.