27613. BLACKWELL v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 8, 1973 — REHEARING DENIED FEBRUARY 22, 1973.

*William L. Skinner,* for appellant.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III,* for appellees.

MOBLEY, Chief Justice. This court granted certiorari to review the decision of the Court of Appeals in *Blackwell v. Liberty Mut. Ins. Co.,* 127 Ga. App. 146 (193 SE2d 43).

The question for determination in the case was whether a claim under the Workmen's Compensation Law was barred under Code § 114-305, which provides that the right to workmen's compensation is barred unless a claim is filed with the State Board within one year after the accident.

The Deputy Director of the State Board of Workmen's Compensation found in favor of the claimant. The employer appealed to the Superior Court of Fulton County. That court set aside the award, holding that there was insufficient evidence to show a job-connected aggravation of the injury received by the claimant in 1968 to toll the statute of limitation as to the claim filed in 1971. The Court of Appeals affirmed this decision, with four Judges dissenting.

In *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592), it was held: "Where claimant after injuring his back at work continued to work until he was forced to cease work because of aggravation of the original injury, the statute of limitation runs from the date the employee was forced to cease work if the aggravation of the original injury was attributable to the continued employment."

In *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125), after citing numerous cases, it was said: "From the foregoing it is now settled that the aggravation by continued work of a previous injury is a 'new accident.' "

The award of the State Board of Workmen's Compensation should be affirmed if there is any evidence to sustain it, even though the evidence is not altogether

complete and satisfactory. *Fireman's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343).

The evidence showed that the claimant received an injury to his knee from slipping and falling while working at a dip vat, cleaning parts. He told his supervisor about his injury a day or two later. He continued to work, although his knee hurt him. He went to a doctor on Edgewood, but his knee hurt worse after the visit, and he did not go back. He went to Dr. Leonard for about a year, but this doctor did not relieve his pain. In 1971 he went to Dr. Rutledge at Emory, who immediately put him in the hospital and operated on him. His knee continued to hurt from the time of the injury until his operation.

There was sufficient evidence from which the Deputy Director was authorized to find that the claimant's continued work aggravated his injury, making it necessary that he cease work and have an operation. The Court of Appeals therefore erred in affirming the judgment of the trial court setting aside the award.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

JORDAN, Justice, dissenting. I dissent for the reason that, in my opinion, certiorari was improvidently granted in this case. While the Court of Appeals issued a five to four opinion, there was no conflict between the majority opinion and the dissenting opinion on any question of law. Both opinions recognize the law as set forth in the headnote of this opinion. The majority view in the Court of Appeals held, "However, in the instant case there simply is no evidence which brings this case within these holdings." In the opinion of the dissenting Judges in the Court of Appeals the evidence was sufficient to do so. This court by taking certiorari now reverses the majority holding in the Court of Appeals and adopts the dissenting view that the evidence was sufficient to constitute a "new accident."

Where the Court of Appeals is split merely on the

application of a particular factual situation to applicable law this court should not interfere. For this court to review decisions of the Court of Appeals where only the "quantum" of the evidence is involved is to destroy the usefulness of that court as a court of review. See *Macon News Printing Co. v. Hampton,* 192 Ga. 623, 629 (15 SE2d 793). The grant of certiorari in such a case does not meet the "gravity and importance" provisions of our rules.

I therefore respectfully dissent.