### 47067. BLACKWELL v. LIBERTY MUTUAL INSURANCE COMPANY et al.

STOLZ, Judge. 1. The Supreme Court of Georgia upon writ of certiorari has reversed this court's judgment rendered September 6, 1972. See 127 Ga. App. 146 (193 SE2d 43), and 230 Ga. 174 (196 SE2d 129). This court must now consider a contended error which it found unnecessary to rule upon in its previous opinion.

2. The defendants contend in their brief that the deputy director's award was erroneously based on Code § 114-404, as amended (total incapacity to work) because the evidence showed that the *original* injury was a specific member injury, governed by Code § 114-406, as amended. Since, under the opinion of the Supreme Court of Georgia, the injury for which the present claim was filed is the result of a "new accident," the deputy director correctly made the determination as to which statute was applicable on the basis of the

claimant's condition as of the date of the "new accident," which was the date on which the original accident and the continued work thereafter produced a disability. See *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125).

It appearing from the deputy director's findings of fact and award that the claimant had not been able to return to work, and hence was temporarily totally incapacitated to work, and that the extent of his disability could not be determined at that time in order to make a specific member injury award under § 114-406, the award was properly based on the provisions of Code § 114-404, as amended (Ga. L. 1968, pp. 3, 4).

Accordingly, the judgment of the superior court reversing the deputy director's award, must be reversed.

*Judgment reversed. Bell, C. J., concurs. Evans, J., concurs specially.*

DECIDED MARCH 15, 1973 — REHEARING DENIED MARCH 30, 1973.

*William L. Skinner,* for appellant.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III,* for appellees.

EVANS, Judge, concurring specially. The deputy director of the State Board of Workmen's Compensation rendered an award in effect holding that this claim was not barred by the statute of limitation. The judge of superior court reversed that award, and the majority opinion of the Court of Appeals affirmed, thus holding the claim to be barred. I wrote a dissenting opinion, concurred in by Judges Pannell, Deen and Quillian, holding the claim was *not* barred. Now the Supreme Court has reversed the majority opinion, and has upheld the dissenting opinion. I enthusiastically concur in the Supreme Court's opinion which correctly settles the law of this case to the effect that this claim is not barred.

Since the remittitur of the Supreme Court was filed in this court, the Court of Appeals has rendered a further opinion which reverses the trial court and upholds the deputy director's award. I gladly concur.