## 49814. COMMERCIAL UNION COMPANIES et al. v. BYRD.

CLARK, Judge.

The question presented in this workmen's compensation appeal by the employer and its insurer is whether the employee's claim was filed with the Workmen's Compensation Board within one year after the accident as required by Code § 114-305. Our decision depends upon determination of the commencement date from which the statutory period is to be computed. If, as contended by the employer, the commencement date is July 25, 1972, then the filing of the claim on July 25, 1973, would be one day too late.

Byrd, a policeman employed by the City of Monroe, was on automobile patrol duty with his partner when they were summoned to quell a family disturbance. The findings of fact as stated in the deputy director's award rendered in favor of the employee are: "There is a conflict in the evidence as to the time and necessarily the date when the family disturbance call was made by the two officers. The report and testimony of Officer Yarbrough shows the call was made about 11:00 p.m. on July 25, 1972, and that the two officers were at the location about thirty minutes, while claimant testified they received the call at 1:30 a.m. on July 26, 1972. I conclude and find that the call or incident which contributed to the claimant's heart attack was made between 11:00 p.m. and 12:00 p.m. on July 25, 1972. However, I also find that Sergeant Byrd continued working and that no one can pinpoint definitely the exact time his heart attack occurred. Claimant began feeling the symptoms of a heart attack sometime after 12:00 o'clock midnight and the symptoms gradually became more pronounced until he was admitted to the hospital at 3:00 a.m. on July 26, 1972, for intensive treatment, diagnostic workup for possible coronary artery occlusion and Dr. Barton ruled out coronary artery occlusion after the initial examination which included an EKG. Claimant's trouble was not definitely determined to be coronary artery occlusion until after the second EKG was done on July 28, 1972. I conclude and so find that the statute of limitation runs

from July 26, 1972, and that claimant's claim is not barred thereby." (R. 107).

This ruling is in conformance with the established rule in our state that when the continuance of work aggravates the original injury, the limitation statute begins to run from the date the employee is forced to quit his job. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125) and cases cited therein.

The authorities relied on by appellant did not involve the "aggravation theory" which has served as the basis for the grant of compensation in those instances in which our courts have dealt with the limitation bar. For example, in *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592) our court held that "Where claimant after injuring his back at work continued to work until he was forced to cease work because of aggravation of the original injury, the statute of limitation runs from the date the employee was forced to cease work if the aggravation of the original injury was attributable to the continued employment."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED OCTOBER 7, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED FEBRUARY 6, 1975.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.
*Jack Dorsey,* for appellee.