56357. ZURICH AMERICAN INSURANCE COMPANIES et al. v. SARGENT et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978). *Held:*

The claimant received an injury, drew compensation and then returned to work. Then due to the normal wear and tear of performing his ordinary duties he again became disabled. There was no specific job-related incident which would have constituted a new accident. Therefore, the claimant had undergone a change in condition and had not sustained a new injury. *Central State Hospital v. James,* 147 Ga. App. 308 (1978).

*Judgment reversed. Bell, C. J., Deen, P. J., Webb, Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 23, 1978.

Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser, for appellants.

Little & Adams, John F. Schindelar, I. J. Parkerson, for appellees.

MCMURRAY, Judge, dissenting.

This case is somewhat similar on its facts to Central State Hospital v. James, 147 Ga. App. 308 (1978).

In this case the claimant fractured his ankle, which injury arose out of and in the course of his employment. He drew workmen's compensation until he was able to return to work on October 2, 1974. Report and notice of final payment of compensation was then filed on December 12, 1974. He then worked intermittently for this employer and for other employers until he finally quit work on December 2, 1976, "when claimant testified he finally quit work because he could no longer endure the pain and discomfort." A request for a change in condition hearing and/or a determination of a new injury on December 2, 1976, was then filed with the Board of Workers' Compensation (formerly Workmen's Compensation. See Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978). Based on the lack of evidence and in particular medical evidence which the administrative law judge had requested and on request of both parties the record was left open to receive same, the claim was denied by the administrative law judge who refused to find either a change in condition or a new injury. However, on appeal to the full board by the claimant a de novo consideration of all evidence determined that the claimant's ankle fracture had healed in such a way as to leave ridges in the bone which led to a wearing away of cartilage which, "renders the joint almost useless." The board then determined that standing and walking causes this wearing away to occur much faster than it otherwise would (based upon the medical deposition), and that standing and walking also aggravated "traumatic arthritis which claimant had as a result of his original injury," (also from the medical deposition). The board

then determined he suffered a new injury by aggravation of his pre-existing condition when he was forced to cease work on December 2, 1976. In other words, the wearing away of the cartilage as he worked resulted in a new injury every day by reason of the aggravation of the pre-existing injury. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 176 (196 SE2d 129); *Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (152 SE2d 592). The board made other findings of fact and conclusions of law but the above is mentioned here simply because of the resulting majority opinion and decision of this court.

Based upon *Central State Hospital v. James,* supra, the majority here determined, "the claimant had undergone a change in condition and had not sustained a new injury." To this I cannot agree.

In *Central State Hosptial v. James,* the majority has attempted to clarify and define the difference between new accident cases and mere aggravation of a pre-existing injury. As I so stated in my dissent in that case, in many cases the line of difference may be so infinitesimal as to be almost impossible of determination as to same. I expressed my view in that case that we should leave this to the determination of the board as the finder of fact, instead of trying to enter the any evidence field and determine these cases on their facts for the board. This is not the purpose of this court in reviewing cases. I would leave such matters to the board to carry out its duty as assigned to it by the General Assembly.

But in the case sub judice it is quite clear that there was evidence before the board authorizing it to determine that the claimant sustained a new injury when he was finally forced through pain and suffering to cease work due to aggravation by the wearing away of the cartilage every day he worked. The majority contends that the claimant became disabled "due to the normal wear and tear of performing his ordinary duties." To this I simply cannot agree, as in this case the board found as a matter of fact the claimant's ankle fracture had healed in such a way that standing and walking caused this wearing away of the cartilage of the joint and that there was evidence of traumatic arthritis which was also aggravated by standing and walking due to the original injury.

In my opinion the evidence was ample for the board and the superior court to have determined that a new injury had occurred when he finally became disabled resulting from the aggravation of the pre-existing injury.

I, therefore, respectfully dissent, as I would affirm the judgment.