## 57622. JARRELL v. AMERICAN HOME ASSURANCE et al.

Carley, Judge.

Appellant's claim for workers' compensation was held to be barred because it was not filed "within one year after the accident." Code Ann. § 114-305. The award denying compensation has been affirmed by the state board and by the superior court. The appellant-claimant appeals.

The appellant relies upon that line of cases which holds that an aggravation of a pre-existing injury constitutes a new accident. See, e. g., *Aetna Cas. & Surety Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) (1962); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305) (1966); *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592) (1966); *Twin City Fire Ins. Co. v. Lowe,* 140 Ga. App. 349 (231 SE2d 125) (1976). An analysis of these cases reveals a common factual thread: The employee sustains an injury but continues to work; his continued employment results in an aggravation of the original injury; the employee is forced to cease his employment because of the aggravation of his original injury. Under such a state of facts, the aggravation of a previous injury has been held to be a "new accident" and the statute of limitation runs not from the date of the original injury but rather from the date the employee was forced to cease work. These cases make it clear that in order for aggravation of a previous injury to constitute a "new

accident" and thus create a new period of limitation, it is necessary that the "aggravation" be attributable to continued employment. See generally *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129) (1973) and cits.

On the above analysis it is seen that in applying the statute of limitation to workers' compensation cases involving "aggravation" the pivotal date is that on which the employee was forced to cease work due to incapacity which had its genesis in a work related injury. The administrative law judge here found that appellant ceased work in April of 1975 and thereupon applied for and received medical disability insurance benefits. Arguments in appellant's brief to the effect that the evidence does not support this finding will not be considered; he elected not to include a transcript of the evidence and proceedings in this appeal and we are bound to assume that the findings are supported by competent evidence. See, e.g., *Simmons v. Chambliss,* 128 Ga. App. 218 (2) (196 SE2d 183) (1973). The claim was not filed until May 19, 1977. It was concluded as a matter of law that the statute of limitation began to run on appellant's "aggravation" claim on April 22, 1975, "that being the last day claimant was able to work." We agree; a claim for workers' compensation based upon "aggravation" of a previous injury which is filed some two years after the claimant has been forced to cease work is not brought within the statutory one-year period. Code Ann. § 114-305; *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, supra.

The judgment of the superior court denying the appeal was not erroneous for any of the reasons cited.

*Judgment affirmed. Banke, P. J., and Underwood, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED APRIL 30, 1979.

*Milton M. Moore, Jr.,* for appellant.
*Lee & Clark, Fred S. Clark,* for appellees.