58309. CARRIERS INSURANCE COMPANY et al. v. MYERS.

McMURRAY, Presiding Judge.

This is a workers' compensation case. In 1976, claimant was injured while driving a company car on company business as a traveling salesman. The collision

in which he was injured was duly reported to his employer, and he received medical treatment. No claim for workers' compensation was made. He continued to work for his employer, although under the care of a physician until January, 1978, when he made a claim for workers' compensation based upon the theory of a new accident, contending he could no longer make calls on his customers and that his employment was terminated by his employer because he could not do the work as it should be done. However, it was contended by the employer that his discharge was due to the way he was doing the job and not in any way due to his injury.

The administrative law judge made a finding of fact, based on evidence, that the claimant had a degenerative disc condition which was aggravated by the 1976 injury and was thereafter aggravated by the work he was doing for the employer. This was stated to be "by continuous driving and getting in and out of an automobile." The administrative law judge then determined that his termination was due to the fact he could not do the work as it should be done and that he became temporarily totally disabled as a result of the 1976 injury "since January 20, 1978." The award was made accordingly. Upon de novo review, the full board adopted this award with one of the board members dissenting. On appeal to the superior court the award was affirmed. The employer and insurer appeal. *Held:*

1. Error is enumerated that the award was based upon an erroneous legal theory as to a "new accident" and not a change of condition resulting in the temporary total disability of the claimant. A change of condition could not be found since no claim or determination had ever been made. The case is controlled adversely to the appellants based upon such cases as follows: *Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (152 SE2d 592); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) and cits.; *Callaway Mills Co. v. Yates,* 106 Ga. App. 9, 10 (126 SE2d 305); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125); *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *Hartford Ins. Group v. Stewart,* 147 Ga. App. 733, 734 (2) (250 SE2d 184). Compare *Jarrell v. American Home Assur.,* 149 Ga.

App. 761 (256 SE2d 123).

2. Even though the employer was a self-insurer in 1976 at the time of the original injury, under *Hartford Ins. Group v. Stewart,* 147 Ga. App. 733, 734 (2), supra, the new injury, that is, "new accident," is the date that the injury manifested itself and claimant is forced to cease his employment, hence Carriers Insurance Company had the coverage on that date, and it is liable under its insurance policy.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED
OCTOBER 10, 1979.

*Michael Jablonski, Nancy R. Foster,* for appellants.
*Joe L. Anderson,* for appellee.