59822. COMMERCIAL UNION ASSURANCE COMPANY v. R. C. VAN LINES INC. et al.

Smith, Judge.

We granted this discretionary appeal in order to review the order of the Superior Court finding sufficient evidence to support the award of the State Board of Workers' Compensation and declaring Code § 114-705 (h) "null and void because it encourages unnecessary litigation and therefore is contrary to public policy in that said Code Section provides that, where compensation is being paid without an award, the right to compensation shall not be controverted except upon grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the Board within sixty days of the due date of the first payment of compensation."

1. "[T]he legislature, and not the courts, is empowered by the Constitution to decide public policy, and to implement that policy by enacting laws; and the courts are bound to follow such laws if

constitutional . . ." *Commonwealth Invest. Co. v. Frye,* 219 Ga. 498, 499 (134 SE2d 39) (1963). "So long as the legislature keeps within the limitations of its power imposed by the constitution and enacts law in accordance with its requirements, and the statute passed affects no rights which the constitution guarantees, the courts have nothing whatever to do with the wisdom, expediency, reasonableness, or justice of a statutory enactment. These are questions solely for the consideration of the lawmaking department of the government." *Puckett v. Young,* 112 Ga. 578, 581 (37 SE 880) (1900). No constitutional challenge to Code § 114-705 (h) is presented in this case. We conclude that the trial court erred in declaring Code § 114-705 (h) null and void on the ground that it is contrary to public policy.

2. Nonetheless, we agree with the lower court's determination that Code § 114-705 (h) is inapplicable to the instant case. It is uncontroverted that the income benefits that had been "paid without an award" apply to periods of disability occurring before the effective date of Code § 114-705 (h). Moreover, there is nothing in the record to establish that any compensation "paid without an award" was in fact paid subsequent to the effective date of Code § 114-705 (h). Under these circumstances, the trial court's ruling is affirmed insofar as it holds that Code § 114-705 (h) is inapplicable to the instant case. "It is fundamental that a judgment of a trial court which is right will be affirmed on appeal even though the trial judge in rendering his judgment may have assigned a wrong reason therefor. *Sims T. V. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41, 43 (131 SE2d 790) (1963); *Davis v. Jeep Corp.,* 138 Ga. App. 805, 806 (227 SE2d 455) (1976).

3. Under the evidence, the Board was authorized to conclude that "the claimant had undergone a change in condition and had not sustained a new injury. *Central State Hospital v. James,* 147 Ga. App. 308 (1978)." *Zurich American Ins. Cos. v. Sargent,* 147 Ga. App. 672 (250 SE2d 11) (1978); see also *Hartford Acc. & Indem. Co. v. Troglin,* 148 Ga. App. 715 (252 SE2d 213) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MAY 7, 1980 — DECIDED NOVEMBER 13, 1980.

*Mark S. Gannon,* for appellant.
*N. Sandy Epstein, Steven E. Marcus, Warner R. Wilson, Jr.,* for appellees.