### 62501. MOSS v. BRUNSWICK MANUFACTURING COMPANY, INC. et al.

SHULMAN, Presiding Judge.

Appellant-employee seeks review of the trial court's affirmance of the decision of the State Board of Workers' Compensation terminating her compensation benefits. In her sole enumeration of error, appellant maintains that the board's decision adverse to her was based on implications derived from testimony, despite unimpeached, uncontradicted evidence in support of her claim for benefits.

Appellant is now a 30-year-old woman who, having suffered from fibrocystic disease, underwent a mastectomy and a reconstruction of her left breast in 1978. On July 10, 1979, while in the employ of appellee Brunswick Manufacturing Company, claimant was struck in the left breast by a press machine she was operating. The employer and the insurer, Federal Insurance Company, commenced weekly compensation payments to claimant on July 17, 1979. However, the payment of benefits was suspended in September of 1979 on the basis of "newly discovered evidence that claimant's problems were not related to any injury" after Dr. Tom Willis performed exploratory surgery on claimant's left breast. After a hearing, an administrative law judge, in a decision affirmed by the full board, concluded that claimant had suffered a work-related trauma which has not aggravated her pre-existing fibrocystic disease and which had not caused any period of disability for which compensation would be payable. Claimant appealed to the Superior Court of Glynn County, which affirmed the board's decision. This court then granted claimant's application for discretionary appeal.

The factual determinations made by the administrative law judge and the board, if supported by any evidence, are binding on the court. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (7) (224 SE2d 65). Thus, if there is any evidence to support the board's conclusion that the trauma appellant suffered did not aggravate her fibrocystic disease, we must affirm the trial court's affirmance of the denial of appellant's claim.

Dr. Jimmy Dixon, appellant's treating physician, stated that appellant's present condition was a trauma-induced inflammation of her fibrocystic disease. Dr. Willis, a fibrocystic disease specialist, stated on deposition that it was as probable that the fibrocystic disease which caused appellant's pain was in existence at the time of the trauma as it was probable that the disease was aggravated by the trauma. He further noted that he knew no way that either he or Dr. Dixon could state with certainty which one of the above two

probabilities had occurred.

As the trial court noted, the record shows that, contrary to appellant's assertion, Dr. Dixon's statement was contradicted by the deposition of Dr. Willis. At that point, it became a matter for the board to determine the weight and credit to be given the testimony of the witnesses and to resolve the conflicts in the evidence. *Howard Sheppard, Inc. v. McGowan,* supra, p. 410. The trial court correctly held that the board acted within its authority when it gave greater deference to the deposition of Dr. Willis than it gave to Dr. Dixon's statement.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 2, 1981 — ■

*Edward E. Boshears,* for appellant.
*John A. Ferguson, Jr., H. Michael Bagley,* for appellees.