## 63514. DAIRYMEN, INC. et al. v. WOOD.

Carley, Judge.

Appellee-claimant Wood, a truck driver, sustained an on-the-job injury to his lower back on April 14, 1977, when he fell from his truck while working for appellant-employer Dairymen, Inc. Appellee notified his supervisor of this injury and was sent to the company physician for examination. After several days' rest, as prescribed by the doctor, appellee returned to work for appellant. No workers' compensation benefits were paid. In March of 1978, appellee voluntarily left his job with appellant and subsequently secured other employment, including positions as a welder's helper and truck driver. On January 2, 1979, appellee returned to work for appellant as a long-haul driver. Shortly after his return to work for appellant, appellee began to experience neurological symptoms in his right leg, consisting of weakness, anesthesia, and loss of function. These neurological symptoms progressively worsened forcing appellee to seek medical attention on April 24, 1979. Appellee continued working for appellant until May 11, 1979, when he elected to undergo an operation recommended by his treating physician. The surgery was performed and appellee filed a claim for workers' compensation.

A hearing was held on appellee's claim and, in addition to the aforestated evidence, medical testimony was presented which indicated that appellee was suffering from a congenital infirmity of the vertebrae known as spondylolisthesis. The neurological symptoms experienced by appellee were caused by a worsening of the underlying infirmity to the extent that pressure was being placed upon certain nerves. The administrative law judge (ALJ) found that the physical activity necessitated by appellee's work for appellant "aggravated and accelerated [the 1977] work-related back injury." The ALJ concluded that the aggravation and gradual worsening of appellee's pre-existing condition constituted a "new accident" on

May 11, 1979, when appellee was forced to cease work to undergo surgery. An award was made accordingly. Appellant unsuccessfully appealed this award to the Full Board and then to the Superior Court. We granted the application of appellants, Dairymen, Inc., and its insurer, for this discretionary appeal.

1. Appellee's motion to dismiss the instant appeal is denied. See generally *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30) (1975).

2. Contending that the facts in the instant case demonstrate, if anything, a "change of condition" rather than a "new accident," appellants urge that the award was predicated upon an erroneous application of *Certain v. U. S. Fidelity &c. Co.,* 153 Ga. App. 571 (266 SE2d 263) (1980).

"'The proper classification of the basis of a claim as an 'accident,' 'change of condition,' or 'new accident' hinges generally upon two factors: (1) Whether the claim seeks initial or additional compensation for the 'injury'; and, (2) the proximate cause of the injury for which compensation is being sought. A claim for a work-related injury arising from an 'accident' is an initial claim for compensation. To be compensable, an 'accident' claim must be filed within one year of the original job-related incident of which the employer was timely notified and requires a causal connection between the conditions under which the work was required to be performed and the injury which forms the basis for the claim. [Cits.] A claim for a 'change of condition' is a claim for additional compensation under the original award. A 'change of condition' claim for additional compensation is predicated upon the claimant's gradually worsening condition, from the wear and tear of performing his usual employment duties and of ordinary life, to the point that he can no longer continue to perform his ordinary work. [Cits.] A claim for a work-related injury arising from a 'new accident' is also an initial claim for compensation, but, unlike an 'accident' claim, it has not been filed within one year of the occurrence of an *original* job-related incident of which the employer was timely notified. [Cit.] An award for disability arising from 'new accident' must be predicated upon the filing of a claim within one year from either the date the claimant was forced to cease work because of the gradual worsening of his condition (which was at least partly attributable to his physical activity in continuing to work subsequent to his original job-related incident) or the date of the occurrence of a subsequent specific job-related incident which aggravates the claimant's pre-existing, and there-tofore, uncompensated condition. [Cit.]" *Slattery Assoc., Inc. v. Hufstetler,* 161 Ga. App. 389, 390 (288 SE2d 654) (1982).

Applying the aforestated rules to the facts of the instant case, it

is apparent that appellee's award could not have been predicated upon a "change of condition" as he did not seek additional compensation under a prior award. See *Carriers Ins. Co. v. Myers,* 151 Ga. App. 674 (1) (261 SE2d 423) (1979). Rather, appellee's claim was properly classified as a "new accident," being an initial claim for compensation predicated upon the gradual worsening of appellee's pre-existing and, heretofore, uncompensated work-related injury. See *Central State Hospital v. James,* 147 Ga. App. 308, 309 (1) (a) (248 SE2d 678) (1978). Accordingly, appellants' contentions as to the proper classification of appellee's claim and subsequent award are without merit.

Furthermore, we find no merit in appellants' argument that the award was predicated upon an erroneous application of *Certain v. U. S. Fidelity &c. Co.,* supra. Contrary to appellants' assertions, the award of the Full Board concluded that: "Because there was no specific incident and because claimant was paid no workers' compensation benefits after his injury of April 14, 1977, . . . The outcome of this claim is controlled by [*Central State Hospital v. James,* 147 Ga. App. at 309 (1) (a), supra], as interpreted in *Carriers Insurance Company v. Myers,* 151 Ga. App. 674 (1979), and *Employers Fire Insurance Company v. Heath,* 152 Ga. App. 185 (1979)." There is ample evidence in the record to support the findings of the Full Board as to compensability under *Central State Hospital v. James,* supra. Accordingly, the Board's superfluous reference in its award to *Certain v. U. S. Fidelity &c. Co.,* an inapplicable two-employer case in which the employee obtained an original award for a job related injury, changed employment and then sought additional compensation for the original injury from his previous employer is of no consequence. This enumeration of error is without merit.

3. In the present case there was evidence to authorize the findings that appellant Dairymen, Inc. knew of appellee's pre-existing injury and of the worsening of appellee's condition so that it could have made an investigation had it chosen to do so. This was sufficient to meet the "notice" requirements of Code Ann. § 114-303. *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38) (1976); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 780 (227 SE2d 405) (1976).

4. There was sufficient evidence to support the finding that appellant Dairymen, Inc. failed to maintain a "Panel of Physicians" in a prominent place as required by Code Ann. § 114-504 (a).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 26, 1982.

*James B. Hiers, Jr.,* for appellants.
*William Q. Bird,* for appellee.