### 69341. BROWN TRANSPORT CORPORATION et al. v. TRUETT et al.
(329 SE2d 521)

BIRDSONG, Presiding Judge.

Discretionary appeal was granted to determine whether the superior court erred in affirming the Workers' Compensation Board and administrative law judge, where the ALJ left the record in the case open for a stated period of time but denied employer the right to tape

a medical deposition for purpose of rebuttal during the time the record was left open.

The ALJ specifically left the record open for 30 days from July 1, the date of the hearing, for receipt of medical evidence. No limitation was placed upon this receipt of medical evidence. The ALJ in her report stated that her finding of compensability was "[b]ased on the stipulations and all of the admissible evidence adduced at the all issues hearing . . . and thereafter until the record closed on September 29, 1982. . . ." It is apparent that before the record closed the employer sought to take a doctor's deposition but the claimant filed a motion to suppress, which was granted by the ALJ on September 20. No reason appears in the record what grounds the motion to suppress was based on, nor why the ALJ granted it.

1. OCGA § 34-9-102 (e) (2) grants the right of a party to submit rebuttal evidence "within the time allowed by the administrative law judge." In workers' compensation cases, the record is frequently left open for the receipt of additional evidence. See *Linder v. Alterman Foods*, 162 Ga. App. 786, 788 (292 SE2d 900); *Binswanger Glass Co. v. Brooks*, 160 Ga. App. 701 (288 SE2d 61); *Zurich American Ins. Co. v. Sargent*, 147 Ga. App. 672, 673 (250 SE2d 11); *Mayor &c. of Savannah v. George*, 145 Ga. App. 57 (243 SE2d 259); and *Argonaut Ins. Co. v. Allen*, 123 Ga. App. 741 (182 SE2d 508). During such a period when the record is not closed, either party would be authorized to submit evidence. See *Ga. Dept. of Human Resources v. Holland*, 133 Ga. App. 616, 618 (211 SE2d 635). Discovery proceedings in workers' compensation cases are governed by the Georgia Civil Practice Act (OCGA § 34-9-102 (d)). There is, under the Civil Practice Act (CPA), no limitation upon the method of discovering relevant evidence except by order of the trial court, and there is in this case no such limiting order in accordance with the CPA (see generally OCGA § 9-11-26) and no evidence of good cause shown. OCGA § 9-11-26 (b) (4) (a) (c). There is no requirement by the CPA generally that a party litigant show what a deposition would prove before he is allowed to take it. In fact, we do not know why the ALJ refused to allow the employer to take and submit the deposition as rebuttal evidence in this case. It is clear, however, that she erred in doing so because her own findings of fact provide that she left the record open until September 29 for receipt of additional evidence, and OCGA § 34-9-102 (e) (2) gives the right to produce rebuttal evidence.

2. In view of the reversal in this case, we find it unnecessary to determine whether the award was based on any evidence (see *Moss v. Brunswick Mfg. Co.*, 160 Ga. App. 564 (287 SE2d 612)). We remand the case for the receipt of rebuttal evidence and for determination of the exact medical expenses. See *Fieldcrest Mills v. Glass*, 143 Ga. App. 222 (4) (238 SE2d 125).

*Judgment reversed and case remanded. Carley and Beasley, JJ., concur.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 27, 1985 — 

*Robert L. Kiser,* for appellants.
*Michael S. Huff,* for appellees.