A91A2241. RED ROOF INN et al. v. LYNN.
(416 SE2d 307)

Judge Arnold Shulman.

The claimant in this workers' compensation case was awarded disability benefits for a back injury which she sustained when she fell while putting up a shower curtain during the course of her employment as a motel housekeeper. The award was affirmed by the superior court, and we granted the employer/insurer's application for an appeal of that ruling in order to examine their contention that the administrative law judge improperly excluded a medical deposition from evidence.

The accident occurred on June 21, 1989. After paying disability benefits to the appellee for approximately four months, the appellants submitted a WC-2 form to the board on November 3, 1989, advising of its intention to suspend payment of such benefits on the ground that the appellee was "able to return to work without restrictions. . . ." At the appellee's request, a hearing was held to determine whether she had in fact undergone such a change in condition, and at that time the appellants raised the so-called *"Rycroft* defense," asserting that the appellee was barred from any recovery because of certain false representations she had made on her employment application. See *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989).

At the conclusion of the hearing, the ALJ announced that the record would be left open for 30 days to allow the appellants to submit the depositions of Dr. I. A. Kahn, an orthopedic surgeon who had treated the appellee from July 28 through September 27, 1989, and Dr. Alvaro Lievano, who had begun treating her on November 1, 1989. The appellants' counsel promptly took Dr. Kahn's deposition but advised the appellee's counsel at that time that he did not intend to depose Dr. Lievano. The appellee's counsel responded by moving to

exclude the deposition of Dr. Kahn. The ALJ granted this motion, stating: "[T]he record was left open primarily to accommodate [counsel for the appellants] in taking Dr. Lievano's deposition which he indicated would be done. The record was not left open for [him] to decide post-hearing which deposition he would take and which he would not."

Based on Dr. Lievano's medical report, which was introduced as evidence at the hearing, the ALJ went on to conclude that the appellee was entitled to continued benefits for total disability. Although Dr. Kahn's office notes, which, along with his medical report, were also introduced as evidence, reflected that he had "asked [the appellee] to return to her regular duty," the ALJ found these notes to be "equivocal" about her readiness to do so. The ALJ rejected the appellants' *Rycroft* defense for the stated reason that there was no proof of "a causal connection between the false representation and the injury," and also rejected their contention that Dr. Lievano's treatment of the appellee was unauthorized, stating: "From the evidence I find employee was sent to Primedical for initial attention[,] with that facility referring her on to Dr. I. A. Kahn. Dr. Kahn referred her back to Primedical and, after her continuing complaints there, Primedical referred [her] to Dr. Albert Lievano for treatment. Thus, I conclude employee is within the chain of authorized treating physicians."

OCGA § 34-9-102 (e) (2) specifies that a party tendering a medical report as evidence in a workers' compensation case "may, within the time allowed by the administrative law judge, also introduce the testimony of the person who has signed the medical report, for the purpose of supplementing the report." As previously indicated, the ALJ left the record in this case open for a period of 30 days following the hearing for the stated purpose of allowing the appellants to depose both Dr. Kahn and Dr. Lievano. He did not indicate at that time that their right to submit either of these depositions would be contingent on their submission of the other; and we are, in any event, aware of no authority pursuant to which a party to an adversarial proceeding may be required to introduce evidence against his will. Accordingly, there being no suggestion that the appellants' conduct interfered in any way with the appellee's ability to present her case, we hold that the administrative law judge erred in excluding Dr. Kahn's deposition. Accord *Brown Transport Corp. v. Truett*, 174 Ga. App. 189 (1) (329 SE2d 521) (1985).

In his deposition, which was made a part of the record though not considered as evidence, Dr. Kahn testified unequivocally that when he last saw the appellee on September 27, 1989, he was of the opinion that "she had progressed enough that she . . . needed to increase her activity and return to her regular work." He also denied having referred her "back to Primedical doctors again." As considera-

tion of this testimony might have resulted in different findings by the board on these issues, it follows that the award must be vacated and the case remanded for reconsideration in light of Dr. Kahn's deposition. However, Dr. Kahn offered no testimony which would support a finding that the appellee's present injury was attributable to or aggravated by the prior back injury for which she had received workers' compensation during the early 1980s. (Although he did testify that "if somebody has had recurrent back pain in the past, they are at an increased risk of having the same type of injury and reaggravation in the future," he was clearly unaware of the specifics of the appellee's prior injury, and we have been cited to no evidence that it was in the same location as her present injury. Compare *Georgia Elec. Co. v. Rycroft*, supra.) Accordingly, the decision of the superior court is affirmed insofar as it upholds the board's rejection of the appellants' *Rycroft* defense.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 27, 1992 —
RECONSIDERATION DENIED FEBRUARY 24, 1992.

*Cone & Shivers, Benjamin J. Johnson*, for appellants.
*Bennie H. Black*, for appellee.