A01A0463. WOODGRAIN MILLWORK/WINDSOR WOOD
WINDOWS et al. v. MILLENDER.
(551 SE2d 78)

POPE, Presiding Judge.

This case involves issues of first impression in a workers' compensation claim for occupational hearing loss. Following our grant of their application for discretionary appeal, Woodgrain Millwork/ Windsor Wood Windows and Liberty Mutual Insurance Company (collectively the "Employer") appeal the order of the superior court affirming an award by the State Board of Workers' Compensation ("Board") to Donzi Millender. The Employer contends that, because Millender's claim was prematurely filed, the administrative law judge ("ALJ") erred in denying the Employer's motion to dismiss. The Employer also claims the ALJ misapplied the law and the evidence. For reasons which follow, we find that the superior court properly affirmed the Board award adopting the ALJ's findings, and we affirm.

---

Viewed in the light most favorable to the findings of the ALJ, the record shows that Millender worked for the Employer from mid-1996 through June 1997. He drove a forklift. The mill was a noisy workplace, and the employees were required to wear hearing protection for their ears. Although hearing protection was available, Millender did not protect his right ear, because otherwise he could not hear the forklift-mounted radio which relayed delivery instructions. The Employer at the least condoned, and perhaps initiated, Millender's practice of leaving his right ear unprotected while operating the forklift.

On June 11, 1997, Millender visited the hospital emergency room with complaints of a right ear ache and nasal congestion. On June 17, 1997, Millender's supervisor found Millender in his parked forklift with his head against the steering wheel. Millender told the plant manager that his pain medication made him sleepy. The manager told Millender to leave work and to return when he had written clearance from his doctor to operate the forklift.

Millender was subsequently treated by an ear, nose, and throat specialist. Millender was diagnosed with sensorineural hearing loss of approximately 52 decibels in his right ear and approximately 17 decibels in his left ear. This constitutes a moderate to severe hearing loss in the right ear and a mild hearing loss in the left ear.

Millender never returned to work after leaving on June 17, 1997, and he was formally terminated on July 15, 1997, for failing to provide a medical explanation for his continued absence.

Millender filed his claim for workers' compensation benefits on July 28, 1997. Nearly two years later, on July 7, 1999, the Employer filed a motion to dismiss Millender's claim because, pursuant to OCGA § 34-9-264 (c), it was prematurely filed. The ALJ orally denied this motion at the beginning of the hearing on July 8, 1999. On September 7, 1999, the ALJ issued its written order finding that Millender had suffered compensable partial occupational hearing loss as a result of exposure to harmful noise in his employment.

1. (a) OCGA § 34-9-264 governs claims for occupational loss of hearing. Subsection (c) provides that "[n]o claim for compensation for occupational hearing loss shall be filed until six months have elapsed since exposure to harmful noise with the last employer." Millender's claim was filed before this six-month period had elapsed. Nevertheless, the ALJ found that the Employer had waived the right to defend Millender's claim on the basis of Millender's improper filing:

> Although the employee's claim was filed on . . . July 28, 1997, less than six months after his last exposure to harmful noise, this motion [to dismiss] was denied because the employer/insurer unreasonably delayed asserting this claim.

The employer/insurer were well aware that this was one of the bases on which the employee sought recovery by the Fall of 1997 when [the ear specialist's] deposition was originally take [sic], but they delayed filing this motion until more than one year had elapsed from the time of the employee's last exposure to allegedly harmful noise. The effect of granting the relief requested in this long delayed motion would have exposed the employee to a defense of the bar of the statute of limitations when the employer/insurer could have timely asserted this motion at a time when the employee would have been able to file an amended claim or new claim for alleged occupational hearing loss within one year from his last exposure to such noise.

We can find no legal authority to support the ALJ's denial of the Employer's motion on the basis that it was not timely filed. Although a defense is waived if raised *after* a workers' compensation hearing, see generally *St. Paul Mercury Indem. Co. v. Oakley*, 73 Ga. App. 97, 101-102 (35 SE2d 562) (1945), we can find no precedent which would require that a defense to a claim be made *before* the first hearing.

Board Rule 82 (a) provides that "[a]ny defense as to the time of filing a claim is waived unless it is made not later than the first hearing." The corollary to this rule would be that a defense based on a filing of a claim is not waived if it is made at or before the first hearing. We also note that in workers' compensation proceedings there are no formal responsive pleadings where an affirmative defense would be required to be put forth. *House v. Echota Cotton Mills*, 129 Ga. App. 350, 352 (2) (199 SE2d 585) (1973).

The ALJ's ruling suggests that the Employer should have made its motion to dismiss in sufficient time for Millender, who was represented by counsel, to refile his claim before the statute of limitation expired.[1] This would improperly place the burden on the Employer to ascertain the statute of limitation applicable to an employee's claim. It was not the Employer's responsibility to ensure that Millender's claim was properly filed.

Millender also argues that it was unconscionable for the Employer to take five depositions, create a voluminous file and then wait until the day before the hearing to file its motion to dismiss. He claims, without reference to supporting authority, that the Employer was guilty of laches and should be barred from pursuing its motion to dismiss. With respect to the depositions, the Employer was within its statutory rights to conduct discovery. OCGA § 34-9-102 (d). We have

---

[1] An employee is normally allowed one year from the time of injury to make a workers' compensation claim. OCGA § 34-9-82 (a).

reviewed the record and see no basis for a finding that the pre-hearing depositions were abusive. Assuming the Employer proceeded with the intention of eventually making a motion to dismiss based on an untimely filing, it could not be certain of a favorable ruling on that motion. So it was not unwarranted for the Employer to plan on trying the claim and to pursue discovery. If Millender was concerned about the expense of accumulating a discovery file which might eventually be rendered moot, he had an equal opportunity with the Employer to request an early resolution of the premature filing issue.

(b) Because the ALJ should have considered the Employer's motion to dismiss, we must determine whether Millender's claim was valid even though it was prematurely filed. Although OCGA § 34-9-264 (c) prohibits the filing of a claim for occupational hearing loss during the six-month period after the employee's last exposure to harmful noise, the statute is silent on the status of a premature claim. We must determine that status, keeping in mind that the workers' compensation law "shall be construed and applied impartially to both employer[ ] and employee[ ]." OCGA § 34-9-23.

It can be argued that a premature claim for occupational hearing loss is a nullity and that where the claim is not refiled within the allowed time limits, it is as if it were never advanced. But there is precedent in the law for treating a premature filing as ripening into effectiveness. For example, in some instances a prematurely filed appeal may be deemed effective upon the rendering of a final judgment. See *McCulley v. State*, 273 Ga. 40 (537 SE2d 340) (2000). And where a claim is prematurely filed, the danger of prejudice to a defendant because of surprise or delay is not present. "There is a vast difference between a notice which is filed beyond the time allowed by law, and a notice which is filed before it must be." (Emphasis omitted.) *Livingston v. State*, 221 Ga. App. 563, 566 (1) (472 SE2d 317) (1996).

In this case, the claim was not heard until the waiting period passed and there was no danger that the Employer would be called into court any sooner than would otherwise be allowed. The ALJ heard this case approximately two years after Millender's last exposure and after thorough discovery on the part of the Employer. We note that under the framework of OCGA § 34-9-264, an employee with occupational hearing loss has only six months to file before the bar of the statute of limitation. See OCGA § 34-9-82 (a). Accordingly, we find that Millender's prematurely filed claim ripened, and was deemed to be filed, at the expiration of the statutory six-month waiting period. It follows that although the ALJ should have considered the Employer's motion to dismiss, the motion to dismiss did not have merit and the ALJ was correct in hearing the claim. The ruling must be upheld under the principle of "right for any reason." *Northbrook*

*Property &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988).

2. The Employer claims the ALJ erred in finding, within the meaning of OCGA § 34-9-264, that (1) Millender was exposed to harmful noise, (2) Millender's hearing loss was caused by harmful noise, and (3) Millender had suffered an occupational loss of hearing. We disagree because there is some evidence to support the ALJ's findings.

> The ALJ is vested with the authority to make findings of fact in workers' compensation claims. The appellate division of the workers' compensation board must accept the ALJ's findings where there is a "preponderance of competent and credible evidence" to support the decision. [If t]he appellate division accept[s] the ALJ's finding[,] that . . . decision cannot be disturbed as long as there is any evidence to support it, because neither the superior court nor the appellate court has the power to find facts.

(Citations omitted.) *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58-59 (1) (484 SE2d 653) (1997).

Under OCGA § 34-9-264 (a),

> (1) "Harmful noise" means sound in employment capable of producing occupational loss of hearing as defined in paragraph (2) of this subsection. Sound of an intensity of less than 90 decibels, A scale, shall be deemed incapable of producing occupational loss of hearing as defined in this Code section. (2) "Occupational loss of hearing" means a permanent sensorineural loss of hearing in both ears caused by prolonged exposure to harmful noise in employment.

The Employer argues that sound tests showed that the average sound exposure to Millender over the course of the work day was 89.7 decibels in both ears, which the statute provides is "incapable of producing" this loss. However, the ALJ found that Millender had been exposed to harmful noise because testing showed that the workplace noise level at times exceeded 90 decibels. Furthermore, the tests showed that the average exposure to Millender's right ear was 90.2 decibels. The evidence supports the ALJ's finding that Millender was exposed to harmful noise.

The Employer raises various arguments regarding the sufficiency of the evidence as to Millender's hearing loss and causation. Contrary to the Employer's argument, we find that the evidence supported the ALJ's findings. The evidence showed that Millender was required to leave his right ear unprotected and that he suffered the

requisite loss because of noise in this occupation. Thus, we hold that, for purposes of OCGA § 34-9-264, the ALJ was authorized to find that Millender suffered occupational hearing loss caused by prolonged exposure to harmful noise at the Employer's plant.

3. The Employer argues that the ALJ was without authority to have Millender's hearing retested. In support of this argument, they rely on *Red Roof Inn v. Lynn*, 203 Ga. App. 38, 39 (416 SE2d 307) (1992), in which we indicated that a party may not be forced to introduce evidence against his will. *Red Roof* stands for the proposition that the ALJ cannot make a deposition admissible only upon the condition that an employer submits a second deposition into evidence as well. The test here was ordered for the benefit of the Employer because an earlier test had showed inconsistencies in the level of hearing loss. Furthermore, considering the evidence that hearing loss did occur, and considering the testimony that a second hearing test could establish the extent of the damage more accurately, payment for the second test is consistent with the Employer's duty to pay for an injured employee's medical treatment. See Board Rule 205 (b).

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JUNE 26, 2001 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Gregory T. Talley*, for appellants.

*Wingate & Mitchell, William E. Mitchell IV, William L. Ray*, for appellee.