### 66684. PARKER v. AMERICAN CARPET MILLS.

McMURRAY, Presiding Judge.

This is a workers' compensation case in which this court granted leave to appeal.

The claimant was a janitor performing varied activities such as mopping, cleaning and assisting with repairs of machinery and the facilities. He contends that he injured his back about March of 1981 while lifting a forklift motor and that he had previously injured his back repairing a leaky roof. He had been employed for 17 years until he was unable to perform his duties due to his disabilities. The employer/insurer contends that the first notice of his alleged work related injury was in October of 1981. Employer/insurer offered testimony in evidence that claimant had not been injured lifting a forklift motor as no motor had been taken from a forklift at the employer's plant since 1978 and no repairs had been made to the roof of the building since the spring of 1980 when a new roof was installed. Medical testimony disclosed that claimant was 56 years of age, had a pre-existing back condition of osteophytes, as well as degenerative arthritis. The administrative law judge, based primarily upon the employer/insurer's evidence in opposition to the claim, made a determination that the injury did not arise out of and in the course of employment and the alleged work related injury was not aggravated or accelerated by continued employment.

On appeal to the board and upon de novo consideration of all the evidence the board (with one dissent) substituted its findings and conclusions for the findings and conclusions of the administrative law judge, that is, that the performance of claimant's employment duties aggravated his back condition and he sustained a new accident on May 17, 1981, when he was forced to cease work and he had not been able to work since that date. One director dissented setting forth that he would adopt the award of the administrative law judge. On appeal by the employer/insurer, the superior court reversed, stating in its order of reversal that the testimony of the witnesses for the employer "completely refuted and disproved the Claimant's testimony," and that the administrative law judge's finding "that the Claimant did not sustain the claimed accident of February or March, 1981" was the

"most warranted." We proceed to review the appeal. *Held:*

This case is controlled adversely to the decision of the superior court in its reversal of the award by a somewhat similar case of recent origin, the same being *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon,* 165 Ga. App. 610 (302 SE2d 401), and the cases cited therein, which holds that if there is any evidence to support a finding of the workers' compensation board, the superior court may not reverse the award unless errors of law were committed and the evidence in the case will be construed in the light most favorable to the party prevailing before the board and every presumption in favor of the board's award is indulged. In that decision this court set forth that where the claimant had proven his case to the forum below the burden then shifted to the "defendant (employer)" on appeal to prove that the trier of facts erred. In the case sub judice, the superior court disregarded the claimant's testimony that he was ever injured, but continued to work despite pain and discomfort and held that the claimant had not carried the burden of proving he had sustained an injury as defined in OCGA § 34-9-1 (4) (Code Ann. § 114-101). There was evidence to support the award, and the superior court was without authority to reverse it. *Mallory v. American Cas. Co.,* 114 Ga. App. 641, 643 (4) (152 SE2d 592); *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174, 175 (196 SE2d 129); *Certain v. U. S. Fidelity &c. Co.,* 153 Ga. App. 571, 573 (266 SE2d 263); *Penn. Nat. Mut. Ins. Co. v. Walker,* 154 Ga. App. 336 (268 SE2d 391). Compare *Central State Hosp. v. James,* 147 Ga. App. 308, 309 (1 (a) (b)) (248 SE2d 678).

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983 — ▮

*E. Lamar Gammage, Jr.,* for appellant.
*Robert B. Hill,* for appellee.