**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2020**

# In the Court of Appeals of Georgia

A19A1728. HENRY COUNTY BOARD OF EDUCATION v. RUTLEDGE.

RICKMAN, Judge.

James Rutledge, a Henry County Board of Education employee, suffered a stroke while at work. Rutledge filed a claim for workers' compensation benefits, alleging that his stroke arose out of the course of his employment. The State Board of Workers' Compensation ("the Board") denied Rutledge's claim, and reversed the award of the administrative law judge ("ALJ") and he appealed that decision to the superior court. The superior court vacated the Board's decision and remanded the case back to the Board. The employer appeals from the superior court's order, contending that the superior court improperly vacated the Board's decision. For the reasons that follow, we reverse.

"In resolving this appeal, we must keep in mind the various standards of review applicable in this case. The Board is authorized to review the evidence adduced before the ALJ, weigh that evidence, and assess witness credibility." (Citation and punctuation omitted.) *JMJ Plumbing v. Cudihy*, 319 Ga. App. 158, 158 (735 SE2d 148) (2012). "The Board is authorized to draw factual conclusions different from those reached by the ALJ who initially heard the dispute." (Citation and punctuation omitted.) Id. "If the Board determines that the preponderance of evidence supports the ALJ's decision, it will accept and affirm that award. But, if the Board concludes that the award does not meet the applicable evidentiary standards, it may substitute its own alternative findings for those of the ALJ, and enter an award accordingly." (Citation and punctuation omitted.) Id.

"Neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the Board." (Citation and punctuation omitted.) *JMJ Plumbing*, 319 Ga. App. at 159. "If there is any evidence to support a finding of the Board, the superior court may not reverse the award, unless errors of law were committed." Id. "Every presumption in favor of the Board's award is indulged." Id.

Viewed in the light most favorable to the employer, the prevailing party before the Board, the record shows that on March 18, 2014, Rutledge was a 69-year-old bus

driver for the employer. That afternoon, he was warming up the air brakes on his bus when he noticed that smoke or steam was coming out of the dash. After seeing the smoke or steam, Rutledge "passed out." Rutledge was taken to the hospital, where it was determined that he had suffered a stroke.

Rutledge claimed that his exposure to smoke on the bus was either an aggravating factor or precipitating cause of his stroke. The employer, however, argued that Rutledge's stroke was caused by factors unrelated to his job. At the hearing before the ALJ, testimony was adduced that Rutledge suffered from hypertension, was a diabetic, and for a month prior to his stroke was unable to check his glucose due to his monitor being broken.

This case has a complicated procedural history. Initially, the ALJ denied Rutledge's claim, finding that the preponderance of the evidence showed that he suffered a stroke while on the school bus, but that the stroke was not caused by him being on the bus. Rutledge appealed the ALJ's decision to the Board, and the Board adopted the ALJ's award. The superior court, however, found that the ALJ's analysis was flawed because it only considered whether the stroke was caused by Rutledge being on the bus and not also whether "being on the bus contributed to or worsened his stroke." Accordingly, the superior court vacated the Board's award and remanded

the case back to the Board for it to apply the appropriate causation standard.[1] Thereafter, the Board remanded the case back to the ALJ for it "to make additional findings and conclusions as may be necessary and enter an award pertaining to whether [Rutledge] suffered an injury by aggravation of a preexisting condition by accident arising out of and in the course of employment."

On remand, the ALJ noted that while there was conflicting evidence regarding medical causation, it found that Rutledge met his burden to show "that his work duties and an incident at work significantly contributed to his medical problems" on the date of incident and, thus, his claim was compensable. The employer appealed the ALJ award to the Board, and the Board disagreed with the ALJ's evaluation of the medical evidence. The Board found "the record equivocal, inconclusive, conflicting, and insufficient to show causation of an aggravation injury by a preponderance of the evidence" and rejected Rutledge's argument that "exposure to a substance from the bus contributed to or worsened his preexisting condition and risk for stroke." The Board concluded that the evidence failed to support a compensable aggravated injury, vacated the ALJ's award, and denied Rutledge's claim.

---

[1] The employer filed an application for discretionary review from the superior court's order, which we denied.

Rutledge appealed the Board's denial to the superior court. The superior court again vacated the Board's decision and remanded the case "for a specific finding as to whether aggravation of injury did exist." We granted the employer's application for discretionary review.

The employer contends that the Board applied the proper legal standard when it made the determination that Rutledge's exposure to the substance on the bus did not contribute to or worsen his stroke. We agree.

"[H]eart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, stroke, or thrombosis" are not compensable under the Workers' Compensation Act unless the employee can show "by a preponderance of competent and credible evidence, which shall include medical evidence, that any of such conditions were attributable to the performance of the usual work of employment." OCGA § 34-9-1 (4). The employee need only prove that his work was a "contributing factor" to the stroke for it to be compensable. *AFLAC v. Hardy*, 250 Ga. App. 570, 572 (552 SE2d 505) (2001).

In evaluating whether work contributed to an employee's heart attack,[2] the Board is authorized to consider "whether [the employee's] existing risk factors alone caused his heart disease, whether any of those factors were caused by his employment, or whether any job-related conditions aggravated those risk factors to cause the heart disease." *Sutton v. B & L Express*, 215 Ga. App. 394, 395 (2) (450 SE2d 859) (1994). "[I]t often is difficult for the [Board] to find the line between a noncompensable heart injury that is a symptom of an existing disease merely manifested during job exertion, and a compensable heart injury to which the job exertion was a contributing, precipitating factor." (Citation and punctuation omitted.) *Phillips Correctional Institute v. Yarbrough*, 248 Ga. App. 693, 695 (548 SE2d 424) (2001). "Once the [Board] has found that line, we must affirm if there is any evidence to support the [Board's] determination." Id.

Here, despite the fact that the superior court found that it was "not clear" whether the Board complied with its previous remand order to consider whether Rutledge's stroke was aggravated by his exposure to the substance on the school bus, the Board repeatedly referenced an "aggravation injury" throughout its order and

_____

[2] Most of our case law interpreting OCGA § 34-9-1 (4) focuses on heart attacks, but there is no legal distinction between heart attacks and strokes within the context of OCGA § 34-9-1 (4).

6

rejected Rutledge's argument that exposure to the substance on the bus contributed to or worsened his preexisting condition. The Board analyzed Rutledge's claim under the framework of whether his exposure on the bus contributed to or aggravated his injury. Thus, the Board applied the proper legal framework in analyzing his claim. Accordingly, because the Board applied the appropriate legal framework, we conclude that the superior court erred when it vacated the Board's decision. See *AFLAC*, 250 Ga. App. at 572; *JMJ Plumbing*, 319 Ga. App. at 163.

*Judgment reversed. Miller, P. J., and Reese, J., concur.*